CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 7 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

In the United States District Court
For the Western District of Virginia

)
**United States of America,** )
     **Plaintiff,** )
 )     **Criminal Action No. 4:20-cr-00027**
 **v.** )
 )     **Hon. Michael Francis Urbanski**
**Brian David Hill,** )
     **Defendant,** )
 )
 )

### Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment

### Motion and Brief/Memorandum of Law in support of Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment

Criminal Defendant Brian David Hill ("Brian D. Hill", "Hill", "Brian", and "Defendant") is respectfully requesting that the Honorable U.S. District Court grant this motion to nullify/vacate the fraudulent begotten judgment or nullify any effects of such fraudulent begotten judgment in any future Supervised Release Proceeding (Document #1-3, Filed 11/02/20, Page 3 to 4 of 16) which is an order #1-3, Pg. 3 and 4, that is of the record within this Court concerning the supervised release violations on record against Brian David Hill.

See Document #1-3, Filed 11/02/20, Page 3 to 4 of 16, Page id#: 12 and 13, that is concerning the first supervised release violation judgment against Defendant.

The judgment, even though no prison sentence was imposed other than modifying supervised release conditions for six months of home detention, that judgment can still be used against Defendant Hill upon any future allegation or charge of a

1

supervised release violation, or in any other type of proceeding involving Hill's supervised release sentence. Thus that judgment needs to be challenged when it was created by use of fraud and deceit by Assistant United States Attorney ("AUSA") Anand Prakash Ramaswamy of the Middle District of North Carolina when he had prosecuted the first supervised release violation against Defendant Hill. Even if this Court argues that it has no jurisdiction over vacating or nullifying a past order that affects Hill's supervised release, it will still matter what the opinion of the Honorable Chief Judge Michael Francis Urbanski whether any of Hill's claims and evidence of fraud upon the court are of any merit or are meritless. Defendant Hill would like this Court to clarify whether the frauds on the court claims by Defendant Brian David Hill in regards to Kristy L. Burton of the Western District of Virginia are of any merit. Defendant Hill would be satisfied even if that is the only relief that can be obtained after the transfer of jurisdiction.

This Court has been given the jurisdiction to modify the supervised release of Brian David Hill under 18 U.S. Code § 3583 and 18 U.S.C. § 3605. Defendant Hill is not asking this Court to overrule the original decision in the Middle District of North Carolina, but to make a decision in this District in regards to that supervised release violation on the record in the Western District of Virginia, to not allow the Government to use that first supervised release violation against Defendant Hill in any way as it is based upon fraud and misconstruing Defendant's mental and neurological conditions as a threatening type behavior. Nothing on the record clearly shows evidence of "threatening" Kristy L. Burton but just simply that she felt "unsafe" and "left the residence". There is a Mens Rea element of intent when threats may be uttered towards a government official. Treating an Autistic meltdown in 2015 as a threatening gesture lacks the intent necessary to find Brian David Hill in violation of supervised release. There were no plans to

2

threaten Kristy L. Burton, the Autistic meltdown with a combination of Defendant Hill's diabetes which is type one (1) and can affect his behavior when his blood sugar is high which increases irritability.

Courts do have the inherit power or implied power to correct errors or frauds upon its own record. See Courts § 18 - inherent or implied powers, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), Courts § 225.1; Equity § 47 - power to vacate fraudulent judgment.

The exact relief that Defendant Hill is requesting is that the assigned Judicial Officer of this U.S. District Court enter a decision on nullifying the effects of the fraudulent begotten judgment under Doc. #1-3, Filed 11/02/20, Page 3 to 4 of 16:

1. That decision of the order under Doc. #1-3, Page 3 to 4 of 16 was based upon fraud upon the court by an officer of the court which would have been Anand Prakash Ramaswamy. That fraudulent begotten judgment has been transferred to this Court for it to be filed on its record and that judgment can be used against Brian David Hill in any future supervised release based hearing.

2. The fraud was discovered after the final conclusion of the first supervised release violation judgment or order finding Defendant Hill in violation of the conditions of his supervised release even though the Judicial Officer had decided not to revoke his supervised release but that violation has a weight and effect that works against Defendant Hill in any future hearing, proceeding, or any other form of litigation involving Defendant Hill's supervised release.

3. Under the All Writs Act pursuant to 28 U.S. Code § 1651, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." That includes the Court's inherit or implied power to vacate or nullify any or all fraudulent begotten judgments within its jurisdiction. This Court may also have the power of Writ of Error Coram Nobis under the All Writs Act.

4. The Defendant in this motion is not requesting modification of the original order that came from the Middle District of North Carolina, but is simply asking this Court to nullify or vacate any or all effects of that fraudulent begotten judgment or order (Doc. #1-3, Page 3 to 4 of 16).

5. If the Defendant can prove that the first supervised release violation charge and/or judgment was based entirely or majorly upon a fraud upon the court by officers of the court, that this Court can modify his supervised release in this Court's record to nullify any and all effects of the first supervised release violation. Maybe even declare that Defendant Hill's fraud claims are of merit in any way, shape, or form. If they are of merit and this Court believes that Defendant Hill's claims of fraud do somehow have any merit, then it can aid in challenging the original judgment in the Middle District of North Carolina.

4

6. Kristy L. Burton, the one who had pushed to charge Brian David Hill with the first supervised release violation, See **Exhibit 1**, had lied multiple times before the U.S. District Court on June 30, 2015. Those lies have never been made held to accountability within the Middle District of North Carolina. The perjury was allowed and the fraud was used against Brian David Hill leading up to the revocation of Brian David Hill's supervised release on his second supervised release violation. Fraudulent begotten supervised release violations have a force and effect that negatively affects the supervision of Brian David Hill.

7. Kristy L. Burton, Danville Virginia, U.S. Probation Officer for the Western District of Virginia, is an officer of the Court as the United States Probation Office is part of the judicial branch of Government within the United States. The one who prosecuted Defendant Hill for that supervised release violation was Anand Prakash Ramaswamy who was also an officer of the court at the time when such violation was originally prosecuted.

WHEREFORE, Defendant Hill asks for action to be taken by the Court on this motion and to vacate or nullify the effects of the first supervised release violation order (Doc. #1-3, Page 3 to 4 of 16) as it is based upon fraud on the court.

**Brief/Memorandum of Law in support of Requesting the Honorable Court in this case grant the four pending uncontested motions**

NOW COMES the Brian David Hill, by and through Brian David Hill, and submit this brief / memorandum in support of its Defendant's Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment and moves this Court for an order granting this motion by entering a decision, judgment, or action, to nullify or vacate the effects and validity of the first supervised release violation that is entered as part of this Court's record under Doc. #1-3, Page 3 to 4 of 16.

**EXHIBIT 1**: Copy of Document #88 the original ARREST WARRANT and charge of Brian David Hill regarding the first supervised release violation referenced herein. Pages 1-87 in Exhibits.

**EXHIBIT 2**: Copy of Document #199 and Exhibits 1 and 2, Supplements 1 and 2, and envelope omitted from the copy of this record. Pages 88-93 in Exhibits.

## I. STATEMENT OF THE CASE

Documents referenced herein such as "#199" and "#122" are part of the record of case no. 1:13-cr-435-1, Middle District of North Carolina, as well as referenced within the docket entries under Document #1-4.

On October 4, 2019, Petitioner had filed the Document #199, MOTION entitled "Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and Brief/Memorandum of Law in Support of Requesting the Honorable Court in this case Vacate Fraudulent Begotten Judgment or Judgments" filed by BRIAN DAVID HILL. Response to Motion due by 10/25/2019. (Attachments: # (1) Supplement 1, # (2) Supplement 2, # (3) Exhibit 1, # (4) Exhibit 2, # (5) Envelope - Front and Back) (Civil Case number: 17CV1036) (Garland, Leah)." The Respondent/Plaintiff never filed any response by the due date of 10/25/2019 which would have been the date of October 25, 2019. See **Exhibit 1**.

6

Document #199 was referring to vacating the fraudulent begotten judgment under Document #122, filed July 24, 2015. That argument was that the fraud allegations were brought up concerning that first supervised release violation of Defendant Hill. The AUSA Ramaswamy never contested the claims and evidence within that motion asking for vacatur of that fraudulent begotten judgment, again referring to the first supervised release violation.

On October 29, 2020, the Hon. Chief Judge Thomas David Schroeder had signed a transfer of jurisdiction order from the Middle District of North Carolina to the Western District of Virginia in regards to only the supervised release case.

On October 30, 2020, the case to transfer jurisdiction and venue concerning Defendant Hill's supervised release was accepted by the Hon. Chief Judge Michael F. Urbanski of the Western District of Virginia.

On November 2, 2020, the case was docketed under the criminal case no. 4:20-cr-00027, Western District of Virginia, and entitled United States of America v. Brian David Hill.

The fraud upon the court or frauds upon the court affects the supervised release violations and supervised release conditions and term of supervision. It affects the sentence and was used to increase Defendant's term of supervision longer than when originally sentenced within the Middle District of North Carolina.

In fact, this Court now has the right to modify the term and conditions of supervised release upon any evidence, facts, and case law that may be persuasive to the Court that Defendant's supervised release may need to be remodified to reflect any proven claims of fraud upon the court within the Middle District of North Carolina. The "Transfer In" paper under Document #1 stated that "***This Court hereby expressly consents that the period of probation or supervised***

7

*release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*"

The Defendant Brian David Hill now moves this Court for an order granting this motion to make a decision on the fraudulent begotten judgment or order under Doc. #1-3, Page 3 to 4 of 16, to nullify or vacate the effects of the fraudulent begotten judgment and modify the supervised release to reflect that the fraudulent begotten judgments in regards to Defendant Hill's supervised release must not be used against Brian David Hill in any future proceeding or pleading in regards to modifying or terminating Defendant Hill's supervised release.

Defendant Hill will comply with this Court's order to "EXPAND THE RECORD" if necessary or this Court can ask the Middle District of North Carolina for the relevant documents to expand the record in this case. Defendant Hill also agrees to appear before a hearing or telecommunicate through telephone (due to the Covid-19 fears and restrictions) to address the fraud claims and allegations made by Brian David Hill in regards to both Anand Prakash Ramaswamy and Kristy L. Burton in this Court's Probation Office jurisdiction. Defendant Hill agrees to voluntarily disclose any further proof/evidence of the fraud if this Court requests such.

## II. STATEMENT OF FACTS

The original allegations that Anand Prakash Ramaswamy and U.S. Probation Officer Kristy L. Burton of Danville, Virginia had made false representations of the facts of what had really happened under his charge in Document #88 and submitted to this Court under **Exhibit 1**. It was deceptive and misleading. Brian David Hill has been diagnosed with "Autism Spectrum Disorder" which is recognized as one of Defendant Hill's mental/physical health conditions by the

Middle District of North Carolina and by the United States Probation Office for the Western District of Virginia. Both the Probation Office within this Court's own jurisdiction in Roanoke, Virginia know for a fact that Brian David Hill has Autism Spectrum Disorder, Type One (1) Brittle Diabetes, Obsessive Compulsive Disorder, and Generalized Anxiety Disorder.

On April 28, 2015, Kristy L. Burton had shown up at the residence of Brian David Hill which was in Chambers Street in Martinsville at the time. Had informed Defendant Hill that she had been contacted by Judge Osteen who was complaining to her about Hill's text messaging to the Court and Hill had agreed to cease that behavior. Then Kristy L. Burton ordered Brian Hill not to text message his lawyer, his friends, and not to text message anybody anymore. That order was omitted from the original Arrest Warrant and in the elements of the first supervised release violation, Kristy L. Burton along with USPO Edward Cameron the supervisor had twisted the facts to claim that Defendant Hill had a meltdown because the Clerk had instructed him not to file any more documents with the Court and that Hill had not complied and had escalated when she continued telling Brian not to file documents with the Court when the Clerk's office sent a letter instructing Brian David Hill to only file through papers and not through text messaging, that was a lie and twisting of the facts throughout the case. As it was a shock to his system and Hill wasn't able to do any insulin shots and high blood sugar can aggravate somebodies anger or emotions, Hill had an "Autistic Meltdown" which is what people under the Autism Spectrum Disorder have every time something causes an individual with Autism to feel threatened or intimidated, escalating the anxiety and stress. A meltdown can happen depending on certain medical and environmental factors such as a stressful environment, the mood of the person of that day at certain time of the day, any further influence of further stress or anxiety can lead to

9

a meltdown. Extreme medical and mental duress can lead to fight or flight type survival mentality.

Defendant Hill did not deny ever having an Autistic meltdown. A meltdown may not be illegal unless the person who had the meltdown had intended to cause physical harm or assault on somebody. Kristy L. Burton admitted that Defendant Hill never went towards her, never got up from the chair and had his "Autistic Meltdown" while sitting in a chair and any items that were thrown on the floor were away from her and did not even throw them towards her. Her own testimony admits that Defendant Hill had no intent to threaten Kristy L. Burton and that his "Autism Spectrum Disorder" was misconstrued by the Hon. Chief Judge Thomas David Schroeder as "threatening" his Probation Officer when the entire Transcript shows no evidence of such. See Document #123 of the Middle District of North Carolina case aka the originating Court, aka the entire Transcript, 84 pages.

In fact if this Court searches up the word "Threaten" in the Transcript, Pg. 17 it said that "*there is an emotionally overwhelming situation or when Mr. Hill has felt --feel any threat -- threatened or anything like that, that he does tend to have some aggressive behavior and not only him, but others in his type of -- that has the type of autism that he has also also has those type of things as well*". Second match for the keyword "threaten" said that "*Some individuals with Autism Spectrum Disorders have histories of aggressive behavior, particularly in situations where they are **emotionally overwhelmed, feel threatened, or do not have the language and social skills to respond more appropriately***." Kristy L. Burton never said she felt threatened, she never said that she believed that Defendant Hill was threatening her. The transcript has none of that. However the Hon. Chief Judge Thomas David Schroeder came to his own personal conclusion of the facts, if they are even facts at all or just delusions, that Brian made threatening gestures towards his Probation

Officer, and misconstrued his medical health issues as criminal issues, and misconstrued his Autism and his Autistic behavior as criminal intent to conduct a criminal behavior towards his former Probation Officer back in 2015. His diabetic blood sugar at the time was never taken into consideration, his Autism Spectrum Disorder and Obsessive Compulsive Disorder was never taken into consideration when deciding whether Brian David Hill had any intent to threaten his former Probation Officer Kristy L. Burton back in 2015. Mens Rea was never applied in regards to whether or not Brian David Hill was in violation of his supervised release in 2015.

The original Petition for Warrant or Arrest for Offender under Supervision had nothing alleging that Brian David Hill had threatened his Probation Officer or made threatening gestures towards his Probation Officer. That legal opinion and viewpoint was a stretch at best in trying to make a determination based upon the facts as to whether Brian David Hill had intended to violate his conditions of supervised release by his "Autistic Meltdown" that only happened one time in the presence of his Probation Officer on April 28, 2015 while sitting in a chair and having the meltdown while sitting in the chair, not ever attempting to get up from the chair, and never making any move towards her while having the meltdown while sitting in the chair. The Transcript of the record shown that Kristy L. Burton admitted that Defendant Hill had apologized multiple times and had intended to continue working with her on complying with the conditions of supervision. That does not fit the profile of intent of somebody who intends to threaten a Probation Officer and somebody who would have that type of psychological profile.

It is clear that this first supervised release violation order was based upon speculation and different facts being drawn together to make that conclusion. Based upon Defendant Hill's behavior after the meltdown of apologizing to Kristy

11

L. Burton and continuing to work with her after exhibiting an "autistic meltdown" which was a behavior that he could not have controlled at that time. Brian is on medication such as "Zoloft" and takes such medication as directed to help with his anxiety and stress over fighting to prove actual innocence to his original charge within the Middle District of North Carolina. Brian's current Probation Officer Jason McMurray had noticed a significant change regarding Brian's behavior with the Zoloft medication. It is clear that Defendant Hill had benefitted from that medication and that Kristy L. Burton never asked Brian D. Hill to be psychologically evaluated after his meltdown to be placed upon any medication. Brian D. Hill had voluntarily decided to pursue taking medication such as Zoloft and is compliant with his Probation Officer Jason McMurray ever since it was originally prescribed.

See **Exhibit 2**, for the entire motion and attachments but envelope page is omitted under Document #199, explaining to that Court how it was fraudulent to find Defendant Hill in violation of his supervised release.

## III. STANDARD OF REVIEW

The All Writs Act, 28 U.S.C. § 1651, grants federal courts authority to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. The Supreme Court has held that "the inherent power [of a federal court] allows [it] to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Thus, a motion alleging fraud on the court is sometimes called a "Hazel-Atlas" motion.

The Fourth Circuit may or may not have established a case law standard of review in regards to Fraud Upon the Court. As the Supreme Court has already made an authoritative/controlling opinion on this issue, The Sixth Circuit had established a good legal standard for fraud upon the Federal Courts. Therefore, Defendant asks this Court to adopt the Sixth Circuit standard for the elements of fraud and may be adopted by the Fourth Circuit unless they had already made a standard on the issue of "fraud upon the court":

The elements of fraud on the court include conduct: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that deceives the court. See Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

It should also be noted that the Roseboro letter under Document #211 in the Middle District of North Carolina had said the following:

> "Rule 72(b), Fed. R. Civ. P. provides in pertinent part: (b) Dispositive Motions and Prisoner Petitions."

> "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portion of it the parties agree to or the magistrate judge considered sufficient."

The U.S. Attorney in the Middle District of North Carolina was directed in a written letter by that Court's Deputy Clerk Leah J. Garland, that a party may respond to another party's objections within 14 days after being served with a

13

copy, which of course they were served by CM/ECF Notice of Electronic Filing on the date that objections were filed by the Deputy Clerk. Fraud upon the court allegations against the elements of Defendant's guilt in regards to that supervised release violation and/or guilt in regards to the original charge was presented/prosecuted by the original prosecutor Anand Prakash Ramaswamy were also undisputed and uncontested on the record in the Docket Sheet under Docket Sheet — Document #1, Attachment #4 in this Court.

See Document #213, Page 3 of 137, Middle District of North Carolina:

> "Before I raise such objections, one of the issues that may not be subject to time bar is fraud upon the court, especially a repeated pattern of fraud upon the court."

And

> "If this court decides to dismiss Brian's 2255 case and allow the repeated pattern of frauds by the Respondent, and then use those frauds against the Petitioner to increase his imprisonment and punishment, then this court no longer holds integrity and no longer is to be trustworthy. Any judgments rendered by this court when they allow frauds, ignore evidence, and ignore Supreme Court case law is void judgments. It no longer is a legitimate Article Ill court and should be held to scrutiny by either the U.S. Congress in impeachment proceedings or the U.S. Military for possibly high treason. Legitimate Article ill courts must provide due process and must provide relief to victims of frauds upon the court and must correct such frauds in order to maintain trust and integrity."

Last issue is the fraud upon the court Supplement under Page 92 of 137, Dkt. 213.

The U.S. Attorney of the Middle District of North Carolina did not respond to those fraud allegations and evidence either. This Court has the opportunity to modify supervised release conditions and term to undo the negative effects of the first supervised release violation on the basis of fraud upon the court to hold integrity and credibility, to uphold the facts and the law.

## IV. ARGUMENT

If this Court or even the Fourth Circuit wishes to adopt the decision of the Sixth Circuit's interpretation on frauds upon the court extending or modifying existing law, The Chambers v. NASCO, Inc. or Demjanjuk v. Petrovsky ("Demjanjuk ") factors for determining whether the court was indeed defrauded, whether this Court should enforce the effects of that fraudulent begotten judgment on Brian David Hill supposedly violating his supervised release for the first time should be taken into consideration when entering an order granting this motion based upon the court's inherit or implied powers to correct fraud upon its own record in this Court is to the extent which the original prosecutor Anand Prakash Ramaswamy had filed and shown the elements of: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that deceives the court.

The first Demjanjuk factor is that the fraud was conducted on the part of an officer of the court. As Anand Prakash Ramaswamy, Esq., is an attorney of law which means that he is an officer of the court, the main prosecutor who had charged Defendant with his criminal charge and prosecuted that charge as well as prosecuting the two supervised release violations, and therefore satisfies that factor. Also Kristy L. Burton, the Probation Officer for the Western District of Virginia, is also an officer of the court in this District and had pushed for revocation or modification of supervised release and thus is also a factor in determining who is an officer of the court when making a decision over the matter of fraud upon the court.

The second Demjanjuk factor is that it is directed at the judicial machinery itself. As the U.S. Probation Officer Kristy L. Burton (**Disclaimer: Kristy Burton only was involved with the first supervised release violation**) over only the first supervised release violation charge and through Anand Prakash Ramaswamy had prosecuted the charges of both the "possession of child pornography" charge (Doc. #1) and the two probation violation charges (Doc. #88 and #156, #157, #158), the fraud allegations that were uncontested in the motion attached as **Exhibit 2** were all in regards to prosecution and frauds being directed at the judicial machinery to obtain a favorable judgment. Therefore, this satisfies the second factor.

The third Demjanjuk factor is that it is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth. As both Anand Prakash Ramaswamy and Kristy L. Burton had prosecuted the first probation violation under **Exhibit 1's** Document #88 in the Middle District of North Carolina in 2015 by allowing and knowingly permitting his witness Kristy L. Burton, United States Probation Officer for the Western District of Virginia in Danville, to make multiple false statements verbally under oath on June 30, 2015. The prosecutor was warned on multiple occasions about his key-witness Kristy L. Burton making false statements before the Court under oath including Document #137 and Document #145-1, both of those not filed in this Court but in the Middle District of North Carolina, can be filed by expanding the record if this Court finds such measures necessary when making a decision on whether modification of Defendant Hill's supervised release is necessary to deter fraud being filed upon its own record, even if the fraud was from the Middle District of North Carolina originally but filed in the Western District of Virginia. Kristy L. Burton had pushed for the supervised release violation charge while making false statements in the original petition, and since Probation Officers are also officers of the court and therefore can be subject

to sanctions by the Court. Ramaswamy the officer of the court that had originally prosecuted the first supervised release violation in the originating Court had knowingly allowed false statements and false facts or misconstrued facts to go upon the public record in that court and can be used against Defendant Brian David Hill in this Court as if this Court had the original jurisdiction and as if the perjury had happened before this Court. This Court did not initiate the original charge but this Court has the right to rectify the fraudulent begotten orders and elements of the fraudulent prosecutions and consider it invalid and nullify its effects in this Court concerning any future supervised release modifications, revocation proceedings if any, or termination. Ramaswamy had never apologized for having a witness who had made multiple false statements and had never shown acceptance of responsibility for his own mistakes, Kristy Burton had never shown any remorse and neither has AUSA Ramaswamy. He knowingly prosecuted falsehoods and distorted truths to fit the prosecution's narrative when falsehoods should not be used to bolster a federal prosecution of a criminal or civil case. Therefore, that satisfies the third factor.

The fourth Demjanjuk factor is that it is a positive averment or a concealment when one is under a duty to disclose. As discovered in the Government's response to Brian's Freedom of Information Act ("FOIA") lawsuit in the Western District of Virginia, case no. 4:17-cv-00027, Hill v. EOUSA; The United States Attorney Office for the Middle District of North Carolina had destroyed the evidence of the North Carolina State Bureau of Investigation forensic case file proving that supposed child pornography was downloading between the dates July 20, 2012, and July 28, 2013, when the computer was seized on August 28, 2012. See Document #49 and all attachments in case Hill v. Executive Office for United States Attorneys, case no. 4:17-cv-00027, Western District of Virginia.

Destroying evidence which would conceal it from ever being proven as fact. That itself is wrong. The purpose of the frauds was to be a positive averment in favor of the party who engaged in fraud through its officer of the Court, Anand Prakash Ramaswamy. That is to obtain a favorable judgment in adverse to Brian David Hill leading to wrongful imprisonment and wrongful punishments. Using fraud and deception to punish an innocent man and repeatedly attempt to revoke his supervised release is a repeated pattern of miscarriages of justice, in violation of the U.S. Constitution's prohibition on cruel and unusual punishments from its clause under the 8th Amendment. Lies should not be favorable to Kristy L. Burton as she should have been charged with perjury but she never was. She also likely destroyed the cell phone that was voluntarily given to her back in 2015. The prosecution in 2015 had all suppressed or destroyed any evidence favorable to the Defense, even to the extent of the events in Martinsville, Virginia in regards to the supervised release violations. Therefore, that satisfies the fourth factor.

The fifth Demjanjuk factor is that it deceives the court. The Court had wrongfully been given the impression that Brian had threatened his Probation Officer Kristy L. Burton (Document #122 of that case)(Doc. #1-3, Page 3 to 4 of 16) when there was no evidence of ever in reference to "threatening" Kristy L. Burton. Because of the false statements produced under oath on June 30, 2015, which is perjury by Kristy L. Burton, none of her statements should have been taken at face value without physical evidence or corroborating evidence. There was nothing in the transcript ever stating that there were threats directed at Kristy L. Burton. The Court was deceived by the false statements and was given the impression that Brian David Hill had somehow intentionally made threatening statements or gestures towards Kristy L. Burton while Brian was having an autistic mental breakdown under his Autism Spectrum Disorder while sitting in a chair the

18

entire time, also known as meltdowns which are common in those who suffer under the Autism Spectrum Disorder. Mental breakdowns happen to people in society, especially those with neurological and mental health issues documented in this case and other cases. There was no threat directed towards his former Probation Officer Kristy L. Burton and no intent of such. No evidence of such. That violation which was fraudulently based on perjured testimony as documented under Document #88 which is in **Exhibit 1** attached thereto, escalated into the issue of the second supervised release violation under Documents #156, #157, and #158 which of course that judgment was entered in this Court under Document #1-3, Pages 1 through 2 of 16. So, the frauds from the first violation escalated into the second violation charge. There were frauds and issues from the original charge of possession of child pornography. The prosecutor was wrong about a lot of things in the case including the supervised release violation charges. In fact, the Government never responded to the fraud allegations in Document #169 (Responses due by 2/20/2019) motion with the claims alleging that "*The "Factual Basis" of my guilt provided by the Government prior to Sentencing was Fraudulent. My confession statements were proven to be inaccurate and false, a false confession caused by my Autism because of the way I was interrogated*", and the Government did not respond to that direct allegation challenging the factual basis of guilt and slamming it as entirely fraudulent. The Government never owned up to any of these issues, even when confronted with these issues. Therefore, that satisfies the fifth factor.

The inherent power to "fashion appropriate sanction[s] for conduct which abuses the judicial process" was reaffirmed by the Supreme Court in Chambers v. NASCO, Inc. 501 U.S. 32, 44 (1991).

Where falsification occurs in the midst of ongoing judicial proceedings, and is specifically directed at affecting those proceedings, it often is termed "fraud on

the court." A court, as an exercise of this inherent authority, may sanction fraud on the court through dismissal (if the falsifier is the plaintiff) or default (if the falsifier is the defendant).

Some examples are: Breezevale Ltd. v. Dickinson, 879 A.2d 957, 964 (D.C. 2005) (affirming sanction of dismissal where top executives of plaintiff company engaged in scheme to forge documents and subsequently denied the forgery in pleadings and sworn testimony); Synanon Found., Inc. v. Bernstein, 503 A.2d 1254, 1263 (D.C. 1986) (affirming sanction of dismissal where plaintiff, inter alia, destroyed audiotapes and made false statements to the court "that no responsive documents could be found" in order "to deceive the court, and to improperly influence the court in its decision on the defendants' motions to compel, with the ultimate aim of preventing the judicial process from operating in an impartial fashion"); Cox v. Burke, 706 So. 2d 43 (Fla. Dist. Ct. App. 1998) (affirming sanction of dismissal where plaintiff gave false answers to interrogatories and deceptive deposition testimony); Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) (affirming dismissal where plaintiff concocted a single document); Tramel v. Bass, 672 So. 2d 78, 82 (Fla. Dist. Ct. App. 1996) (affirming default judgment against defendant who excised damaging six-second portion of videotape before producing it during discovery). See 501 U.S. at 56–57; see also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43 (D.C. 1986) (once a party embarks on a "pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the substantive legal issue in the case," this is enough to "completely taint [the party's] entire litigation strategy from the date on which the abuse actually began").

It has always been understood—the inference, indeed, is one of the simplest in human experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause.

The arguments cited from Attorney report titled "Responding to Falsification of Evidence" by Jonathan K. Tycko. Jonathan K. Tycko is a partner with Tycko Zavareei & Spiva LLP in Washington, D.C. He can be reached at (202) 973-0900 or by email at jtycko@tzslaw.com.

The U.S. Attorney Office for the Western District of Virginia was not originally involved in the prosecution of the case regarding the supervised release violations and was only slightly involved with the charge that arrested and also was involved in the bond proceedings for the Western District of Virginia through case no. 7:18-MJ-149, United States v. Brian David Hill. Now they are involved in the prosecution as it is now their jurisdiction to handle the matters concerning the supervised release case of Defendant Hill's original criminal case. Any of the fraud upon the court matters concerns the prosecution of the original case and does not involve the United States Attorney Office for the Western District of Virginia, so they can choose not to get involved or compel AUSA Ramaswamy to file a response to this motion as they did with Cheryl Thornton Sloan from the Middle District of North Carolina in Brian's FOIA lawsuit in the Western District of Virginia. They have the right to prosecute or defend their position regarding the

21

United States of America or the U.S. Attorney Office for the Western District of Virginia may decide not to contest the fraud upon the court allegations, evidence, and arguments concerning Kristy L. Burton and Anand Prakash Ramaswamy as the Western District of Virginia for the United States of America never prosecuted such frauds and never defrauded the court, but that the United States Attorney from the originating sentencing court had defrauded the court due to the voluminous pages of evidence and lack of contest/responses from the AUSA in M.D. of North Carolina. If they had needed more time, then they could have filed an extension to the deadline and it would have been granted but they did not but rather refused to respond at all and hope that the original Judge would just toss the fraud upon the court claims in the sanctions motions so that they never have to respond to any allegation of fraud ever.

The United States of America in the M.D. of N.C. never responded to the fraud allegations against the Government's factual basis of guilt under Document #169. The United States of America in the M.D. of N.C. never contested or disputed the claims of fraud in Document #213 when they were directed to respond to another party's objections by Roseboro letter, The United States of America in the M.D. of N.C. never contested or disputed the claims of fraud in Document #199 concerning the first supervised release violation. If this Court has the jurisdiction to nullify the effects of the first fraudulent begotten supervised release violation before its record to protect the integrity and credibility of this Court, then this Court is within its right to grant any form of relief to Defendant Hill to deter frauds upon the court and to deter deceit that had been perpetuated upon the judicial machinery itself.

V. CONCLUSION

Based on the evidence of fraud concerning Kristy L. Burton and the original first supervised release violation and inability of the original United States Attorney in 2015 to hold his key-witness Kristy L. Burton accountable for false statements before the Court under oath which is perjury, every Chambers v. NASCO, Inc. factor and every Demjanjuk factor weighs heavily against the United States of America in this action to requesting any relief nullifying any of the effects of the first supervised release violation under Doc. #1-3, Page 3 to 4 of 16 and in favor of this Court entering a decision on this motion before the Court asking for any lawful relief possible if they have any at all under its jurisdiction.

Therefore, the Defendant respectfully requests that this Court enter an order granting this motion before this Court.

WHEREFORE, the Defendant respectfully requests that the Court:

(1) Grant this Motion for any lawful action whatsoever to nullify any or all of the effects of the first supervised release violation that could be used against Brian David Hill in the future in this District on the record;

(2) Enter an Order barring the United States of America from ever using the first supervised release violation (Doc. #1-3, Page 3 to 4) against Defendant Brian David Hill as such order or judgment was based upon fraud, or frauds, and misconstruing Brian Hill's behavior as caused by Autism Spectrum Disorder a neurological disability or impairment affecting the brain and Diabetes as a threatening gesture. There was no threatening of Kristy L. Burton. Autistic behaviors are not the same as a criminal suspect threatening an officer. There is no intent and Autism nullifies the intent element needed to find Brian David Hill in violation of his supervised release conditions. Brian David Hill apologized for his meltdown and tried to continue complying with his supervised release conditions.

23

Defendant Hill's case was not a necessity for violation. The violation was uncalled for and this Court should reverse any negative effects of that decision in this Court's record for Hill's supervised release.

(3) Order that the United States of America respond or that could even reply with no-contest to the claims and facts brought up in this motion, if the Court finds it necessary.

(4) Order any other relief that this Court may find necessary and proper concerning the fraud issues of this request and the issues concerning fraud in the foundation of the order of the first supervised release violation.

## **ADDITIONAL CASE LAW AUTHORITIES IN SUPPORT OF THIS MOTION**

In *Stoesel v. American Home,* 362 Sel. 350, and 199 N.E. 798 (1935), the court ruled and determined that, "Under Illinois Law and Federal Law, when any officer of the Court has committed "fraud on the Court", the order and judgment of that court are void and of no legal force and effect." In *Sparks v. Duval County Ranch,* 604 F.2d 976 (1979), the court ruled and determined that, "No immunity exists for co-conspirators of judge. There is no derivative immunity for extra-judicial actions of fraud, deceit and collusion." In E*dwards v. Wiley,* 374 P.2d 284, the court ruled and determined that, "Judicial officers are not liable for erroneous exercise of judicial powers vested in them, but they are not immune from liability when they act wholly in excess of jurisdiction." See also, *Vickery v. Dunnivan,* 279 P.2d 853, (1955). In *Beall v. Reidy,* 457 P.2d 376, the court ruled and determined, "Except by consent of all parties a judge is disqualified to sit in trial of a case if he comes within any of the grounds of disqualification named in the Constitution. In *Taylor v. O'Grady,* 888 F.2d 1189, 7th Cir. (1989), the circuit ruled, "Further,

the judge has a legal duty to disqualify, even if there is no motion asking for his disqualification." Also, when a lower court has no jurisdiction to enter judgment, the question of jurisdiction may be raised for the first time on appeal. See *DeBaca v. Wilcox,* 68 P. 922. The right to a tribunal free from bias and prejudice is based on the Due Process Clause. Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his/her property, then the judge has engaged in the crime of interference with interstate commerce; the judge has acted in his/her personal capacity and not in the judge's judicial capacity. See *U.S. v. Scinto,* 521 F.2d 842 at page 845, 7th circuit, 1996. Party can attack subject matter jurisdiction at anytime in the proceeding, even raising jurisdiction for the first time on appeal, *State v. Begay,* 734 P.2d 278. "A prejudiced, biased judge who tries a case deprives a party adversely affected of due process." See *Nelson v. Cox,* 66 N.M. 397.

Destafano v. State Farm Mutual Automobile Insurance Co., 28 Fla. L. Weekly D1077 (Fla. 1st DCA April 28, 2003), and Long v. Swofford, 805 So. 2d 882 (Fla. 3d DCA 2003), have been more favorably disposed to affirm dismissals with prejudice for serious, palpable "fraud on the court."

Respectfully filed with the Court, this the 23th day of November, 2020.

Respectfully submitted,

*Ally of Qanon*

*Where We Go One,*
*We Go All*

*Brian D. Hill*
signed               Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
Ally of QAnon
JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL/PARDON

Defendant also requests with the Court that a copy of this pleading be served upon the Government in the Western District of Virginia as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Defendant requests that copies be served with the U.S. Attorney office of Roanoke, VA via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Defendant hereby certifies that on November 23, 2020, service was made by mailing the original of the foregoing:

"Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment -- Motion and Brief/Memorandum of Law in support of Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment"

by deposit in the United States Post Office, in an envelope, Postage prepaid, on November 23, 2020 addressed to the Clerk of the Court in the U.S. District Court, for the Western District of Virginia, 210 Franklin Road S.W., Suite 540, Roanoke, VA 24011.

Then pursuant to 28 U.S.C. §1915(d), Defendant requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

U.S. Attorney Office
Western District of Virginia
Shipping Address:
310 1st Street, S.W., Room 906
Roanoke, Virginia 24011

Mailing Address:
Post Office Box 1709
Roanoke, Virginia 24008-1709
Brian.McGinn@usdoj.gov – Public
Affairs – Email not known as attorney
for the USA not yet assigned to case.

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: | Respectfully submitted, |
|---|---|
| *November 23, 2020* | *Brian D. Hill* Signed Brian D. Hill (Pro Se) 310 Forest Street, Apartment 2 Martinsville, Virginia 24112 Phone #: (276) 790-3505  I stand with QANON/Donald-Trump – Drain the Swamp Ally of QAnon |

Friend's justice site: JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL/Pardon







This envelope is made from post-consumer waste. Please recycle - again.

PRIORITY
MAIL®

UNITED STATES POSTAL SERVICE®

CERTIFIED MAIL™

7019 1120 0002 2623 7997

* Date of delivery specified*

* USPS TRACKING™ included to many major international destinations.

* Limited international insurance.

* Pick up available.*

* Order supplies online.*

* When used internationally, a customs declaration label may be required.

* Domestic only

PS00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2



USPS.COM/PICKUP



To schedule free
Package Pickup,
scan the QR code.



FROM:

USWGO

Brian D. Hill - Ally of QAnon
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA - Qthel Drain the
Swamp MAGA - INVESTIGATE
JusticeForUSWGO.wordpress.com

TO:

Clerk of the Court
U.S. District Court
210 Franklin Road S.W.
Suite 540
Roanoke, VA 24011-2208

24411          R2305E123764-04

* Domestic only.   × For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.