IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 4:20cr00027 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN DAVID HILL, | ) | By: Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Brian David Hill's pro se motion titled as a "Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment," ECF No. 3. For the reasons set forth below, the court will advise Hill that it intends to construe his motion as one brought pursuant to 28 U.S.C. § 2255 and transfer it to the court where he was sentenced. The court will give Hill thirty days, however, to either amend or withdraw his motion, as well as to provide any additional information as to why the motion should be deemed timely filed.

### I. BACKGROUND

Hill pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2), in the United States District Court for the Middle District of North Carolina, and a criminal judgment was entered against him on November 12, 2014. ECF No. 1-2 (copy of judgment). After he completed his term of imprisonment, he was twice found to have violated the terms of his supervised release. The first time—in July 2015—the court declined to revoke his supervised release term, but it imposed new conditions of supervised release, including a six-month term of home detention and location monitoring. ECF No. 1-3 at 3–4.

The second time—in October 2019—the court revoked Hill's supervised release and sentenced him to a 9-month term of imprisonment, to be followed by a nine-year supervised release term. ECF No. 1-3 at 1–2. Hill completed that term of imprisonment and began to serve his supervised release term. On November 2, 2020, this court accepted a transfer of jurisdiction over his supervision. That order provides that "the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court." ECF No. 1.

On November 27, 2020, the Clerk of this court received from Hill a motion for leave to proceed in forma pauperis, ECF No. 4, and the pending motion addressed herein, titled a "Motion to Vacate/Nullify Fraudulent Begotten Order/Judgment." ECF No. 3. Hill's motion is more than twenty pages long and contains almost one hundred pages of exhibits. It appears that Hill is challenging the validity of the order arising from the first supervised release violation judgment against him, which was entered in July 2015. ECF No. 1-3 at 3–4. Hill explains that "although no prison sentence was imposed other than modifying supervised release conditions for six months of home detention, that judgment may be used against him upon any future allegation or charge of a supervised release violation, or any other type of proceeding involving Hill's supervised release sentence." ECF No. 3 at 1–2.

Hill's challenge is based on his allegation that the 2015 proceedings and resulting order were the result of a "fraud" upon the court. Specifically, he alleges that a probation officer who sought to charge him with that supervised release violation "lied multiple times before the U.S. District Court on June 30, 2015." Id. at 5. He states that he is not requesting modification of the original order, "but is simply asking this Court to nullify or vacate any or all effects of that fraudulent begotten judgment or order." ECF No. 3 at 4. He also argues

2

that if this court would simply declare that his claims of fraud have "merit in any way, shape, or form," it would "aid in challenging the original judgment in the Middle District of North Carolina." Id. at 4.

## II. DISCUSSION

As an initial matter, to the extent that Hill's motion challenges the propriety of the conditions imposing six months of home confinement and location monitoring, that term of supervised release has ended and so those challenges are moot. See United States v. Browder, 807 F. App'x 44, 46 (2d Cir. 2020) (summary order) (holding that challenges to conditions of supervised release that were no longer in effect was moot). Assuming some portion of his motion is not moot, however, it can proceed—if at all—as a motion under 28 U.S.C. § 2255.

In particular, and although Hill states that he is not requesting a modification of the July 2015 order,[1] the court is aware of no other vehicle by which it could address claims that the July 2015 order should be invalidated, disregarded, or otherwise removed from "future consideration" because of fraud.[2] Accordingly, the court concludes that his motion is properly brought in a motion pursuant to 28 U.S.C. § 2255. Lawson v. FCI McDowell Warden, No.

---

[1] To the extent that this court may take into account the July 2015 order or violation in any future proceeding to revoke Hill's supervised release term or modify its conditions, Hill may present arguments during any such proceeding as to what weight or consideration, if any, the July 2015 order should be given.

[2] Hill suggests that a writ of coram nobis could be used, but the court concludes that coram nobis relief is not available here. See Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013) (discussing the four essential prerequisites that must be satisfied before a court may address the merits of a coram nobis petition); Fenton v. United States, No. 7:12cv00106, 2012 WL 1533096, at *2 & nn. 4–5 (W.D. Va. Apr. 30, 2012) (holding that a prisoner still serving his supervised release term—and thus still in custody under his federal criminal judgment—must use § 2255 to challenge his criminal or conviction; coram nobis was unavailable as a remedy); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate."). The Fourth Circuit also has held that 18 U.S.C. § 3583(e)(2) could not be used to challenge a condition of supervised release where the challenges "were available" at the time the term was imposed. United States v. McLeod, 972 F.3d 637, 643–44 (4th Cir. 2020). Because the "fraud" to which Hill points involved his own conduct during encounters with his probation officer, any claim that the officer lied to the court about that conduct was clearly available at the time of the 2015 proceeding. Thus § 3582(e)(2) is not an available procedural mechanism for relief, either.

1:19-00364, 2020 WL 1520246, at *3 (S.D. W. Va. Mar. 30, 2020) (collecting authority holding that challenges to supervised release revocations are properly brought under 28 U.S.C. § 2255); see also United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997) (noting that § 2255 can be used to challenge the legality of a condition of supervised release).

The court must determine next whether the motion is a second or successive § 2255 petition. If so, it must be denied because Hill has not sought leave to file it. See 28 U.S.C. § 2255(h). If not, the court may not construe Hill's filing as a § 2255 motion without first giving him the notice required by Castro v. United States, 540 U.S. 375, 383 (2003).

This is not Hill's first § 2255 motion in his criminal case numerically; he previously filed a § 2255 motion challenging his original judgment, which was dismissed as untimely.[3] But, based on the court's review of the underlying criminal docket, it does not appear that Hill has filed a § 2255 motion directly challenging the court's July 24, 2015 order finding that he violated the conditions of his supervised release and amending those conditions.[4]

When an amended judgment is entered, at least after resentencing, a § 2255 motion challenging the amended judgment is not considered "second or successive." See In re Gray, 850 F.3d 139, 142–43 (4th Cir. 2017) (holding that when a defendant is resentenced and an amended judgment is entered, a subsequent habeas petition is not "second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying

---

[3] United States v. Hill, No. 1:13-cr-00435-TDS-1 (M.D.N.C.) (hereinafter "Hill"), ECF No. 236. Hill appealed, United States v. Hill, No. 20-6034 (4th Cir.), and that appeal remains pending.

[4] Hill raised the same (or similar) factual allegations concerning the 2015 order being the result of fraud during his initial § 2255 proceedings. Hill, ECF No. 210 at 13 (magistrate judge stating that "[Hill] asserts that the modification of his term of supervised release to include six months of house arrest was wrongful because it was based upon falsehoods told by his probation officer"). The magistrate judge did not treat those allegations as an independent claim, but as part of Hill's argument as to why his motion was timely. Id. at 13-14.

conviction"); United States v. Jones, 681 F. App'x 294, 294–95 (4th Cir. 2017) (applying Gray and holding same in context of § 2255 motions and for purposes of the "second or successive" bar in § 2255(h)). If the rule in Gray does not apply to the July 2015 order, which was not entered as an amended judgment, then Hill's petition is second or successive and would be barred on that ground.

If, on the other hand, the July 2015 order modifying the terms of supervised release is a new judgment, then this § 2255 motion would be considered his first one challenging it. The court cannot construe it as a first § 2255 motion, however, unless it first advises Hill of its intent to do so and provide him the opportunity to either withdraw the motion or amend it so that it contains all of the § 2255 claims that he wishes to raise. Castro, 540 U.S. at 383. The court also must warn Hill of the potential consequences of the recharacterization. Id.

Accordingly, the court hereby advises Hill that it intends to recharacterize his motion as a § 2255 motion and to transfer it for consideration to the Middle District of North Carolina, which is the proper court to hear Hill's challenge, despite the transfer of supervised release here. 28 U.S.C. § 2255(a) (noting that "the court which imposed the sentence" should decide § 2255 motions); Martino v. United States, No. 1:16-cv-735 (LMB), 2020 WL 3579548, at *1 n.3 (E.D. Va. July 1, 2020) ("The parties agree that despite [the] transfer [of movant's supervised release to another court], the Court retains jurisdiction" over the § 2255 motion); Lee v. United States, No. 1:09CR382-1, 2013 WL 12237723, at *1 (M.D.N.C. Apr. 30, 2013), report & recommendation adopted, No. 1:09CR382-1, 2013 WL 12237724 (M.D.N.C. June 7, 2013) (collecting authority that a transfer of supervision of a defendant pursuant to 18 U.S.C. § 3605 does not include jurisdiction to hear a § 2255 motion challenging the original sentence); but cf. Parker v. United States, No. 3:12-cv-495, 2015 WL 5444784, at *1 (W.D.N.C.

5

Sept. 15, 2015) (granting § 2255 motion of defendant on supervised release where supervision was transferred to that court and where the parties agreed that the § 2255 motion should be granted).

Pursuant to Castro, the court also advises Hill that a § 2255 movant must apply for certification from a United States Court of Appeals to file a second or subsequent § 2255 motion about the same conviction and/or sentence after he files the first § 2255 motion. 28 U.S.C. § 2255(h). In light of this limitation on filing successive § 2255 motions, the court advises Hill that he may also want to include any other claim upon which he believes the July 2015 order is invalid or unconstitutional. If Hill has additional grounds and fails to amend, those claims raised in a subsequent § 2255 motion would be dismissed as successive unless he first received authorization from the Fourth Circuit to file a successive § 2255 motion.

Thus, if Hill wants to amend or modify his motion to add additional challenges or claims, he should do so within thirty days. Alternatively, he may notify the court that he wishes to withdraw his motion. If Hill does not withdraw his motion, the court will construe it as a § 2255 motion and will transfer it to the Middle District of North Carolina.

Hill is further advised that, so construed, his motion appears to be untimely. A § 2255 motion must be filed within a year after the defendant's conviction becomes final or within a year of some other provision of 28 U.S.C. § 2255(f), whichever is later. See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction is final when the time to seek direct review expires). For example, a motion may be brought within one year of the date upon which petitioner discovers new evidence or the date on which a new rule of law applicable to petitioner's case was recognized by the Supreme Court and made retroactive to § 2255 proceedings. See 28 U.S.C. § 2255(f)(3)–(4).

Hill seems to rely on § 2255(f)(3), arguing that he did not learn about the fraudulent statements until "after the final conclusion of the first supervised release violation judgment order." ECF No. 3 at 3. But it is clear that he knew about them at least as early his initial § 2255 proceedings, because he raised those allegations in that proceeding. See supra note 4. In any event, if he does not withdraw his motion, Hill also should also file, within thirty days, any additional information or argument he may have to show that his motion is timely filed. The issue of timeliness will be decided by the sentencing court upon transfer of his § 2255 motion.

### III.     CONCLUSION

For the foregoing reasons, Hill is advised that the court intends to construe his recently filed motion as a 28 U.S.C. § 2255 motion and to transfer it to the Middle District of North Carolina. Hill is further advised that, as a first § 2255 motion challenging the sentencing court's July 24, 2015 order, his motion does not appear to be timely.

It is **ORDERED**, therefore, that not later than thirty days after entry of this order, Hill should file any amendments to his motion adding any additional grounds for relief or he should notify the court that he is withdrawing his motion. If he is not withdrawing, Hill also should file any additional argument or information that he has to support an assertion that his § 2255 motion was timely filed. After thirty days have passed, if his motion is not withdrawn, the court will construe it as a § 2255 motion and transfer it to the sentencing court.

Lastly, as there is no filing fee required for the filing of a § 2255 motion, Hill's motion to proceed in forma pauperis, ECF No. 4, is thus **DENIED** as unnecessary.

The Clerk shall send a copy of this order to the Hill and to counsel for the United States.

It is so **ORDERED**.

Entered:  December 17, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.17 15:37:30
-05'00'

Michael F. Urbanski
Chief United States District Judge