PROB 12D
(6/05)

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

11/15/2024

LAURA A. AUSTIN, CLERK
BY: s/ K. SAVILLE
DEPUTY CLERK

# United States District Court
## for the
## Western District of Virginia

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Name of Offender:  Brian David Hill                                    Case Number:  4:20CR00027-001

Name of Sentencing Judicial Officer:    The Honorable William L. Osteen, Chief U.S. District Judge

Date of Original Sentence:  November 10, 2014

Original Offense:   Possession of Child Pornography

Original Sentence:  10 months and 20 days imprisonment and 10 years supervised release

Type of Supervision:  Supervised Release                    Date Supervision Commenced:  December 6, 2019

---

## PETITIONING THE COURT

The probation officer requests that a summons be issued and a hearing be held to modify the conditions of supervision as follows:

Remove the Following Conditions

1) The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

2) If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

3) The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

4) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on the defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

5) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

6) The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

7) The defendant shall submit to search and seizure of his or her computer, as defined in 19 U.S.C. § 1030(e)(l), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

Add the Following Conditions

1) The defendant is ordered to participate in cybercrime management and will inform the probation officer of all computer devices possessed or accessible to him/her. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. The defendant will not acquire or access any new or additional computer devices unless approved by the probation officer. The defendant will also inform the probation officer of all his/her computer devices, internet service providers (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that the defendant creates or receives additional user accounts.

2) The defendant is permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation Office to configure, manage, and install monitoring software on all approved standard computer devices. Standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPO. The configuration, management, and monitoring of the standard computer devices shall be specific to the defendant's Court-ordered conditions, risk and needs, and cybercrime management requirements.

3) Non-standard computer devices possessed or accessible to the defendant (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation Office for risk and need of use. The defend0ant must permit the U.S. Probation Office to configure and/or manage approved non-standard devices for compliance with Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

4) The defendant must allow the U.S. Probation Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by the defendant. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring

software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

5) The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 USC § 1030(e)(1), other electronic communication, network or cloud storage, or data storage devices or media], or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation.

6) The defendant may possess and use an Internet capable smart phone as long as the device does not have a mobile hotspot feature (e.g. Personal Hotspot, Internet Sharing, Wi-Fi Hotspot, etc.) or the mobile hotspot feature can be removed, blocked or deactivated; and monitoring software is installed on the device.

7) The defendant may continue to possess and use his PlayStation 2 videogame system, PlayStation 4 videogame system, Xbox 360 videogame system, and desktop computer as long as he only uses the above devices in his residence; does not obtain Internet service in his residence; and does not connect the above devices to the Internet via the Wi-Fi service in his mother's residence. The defendant must allow the probation officer to examine the above devices during home visits to monitor his compliance with his conditions of supervised release.

8) The defendant may no longer possess and/or use his handheld Nintendo Switch videogame system because the device has an Internet browser application; the device can access the Internet via the free Wi-Fi service offered at many coffee shops, restaurants, and stores; and monitoring software cannot be installed on the device.

## CAUSE

On November 10, 2014, Brian David Hill appeared in the U.S. District Court for the Middle District of North Carolina for sentencing after being convicted of Possession of Child Pornography. The supervisee was then sentenced to 10 months and 20 days imprisonment and 10 years supervised release. The court also imposed a number of special conditions including the following conditions:

1) The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

2) If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

3) The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time,

with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

On November 13, 2014, the supervisee was released from custody and his term of supervised release began. On April 29, 2015, a violation report was submitted to the court which alleged that Mr. Hill verbally abused his probation officer and failed to follow her instructions.

On June 30, 2015, Mr. Hill returned to court for a revocation hearing, and the court found that he violated his conditions of supervision. The court then ordered that the supervisee remain on supervised release, participate in a cognitive behavioral treatment program, and serve six months on home detention.

On November 6, 2018, another violation report was submitted to the court which alleged that the supervisee committed the offense of Indecent Exposure in Martinsville, Virginia. On September 12, 2019, Mr. Hill returned to court for another violation hearing, and the court found that he violated his conditions of supervision. The court then revoked the supervisee's term of supervision and sentenced him to nine months imprisonment and nine years supervised release with the same conditions.

On December 6, 2019, Mr. Hill was released from custody and his current term of supervision began. October 27, 2020, the court imposed some additional special conditions of supervised release, with the supervisee's consent, including the following conditions:

1) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030 (e)(l), cellular telephone, or other Internet capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

2) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

3) The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

4) The defendant shall submit to search and seizure of his or her computer, as defined in 19 U.S.C. § 1030(e)(l), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

On November 2, 2020, the U.S. District Court for the Middle District of North Carolina transferred jurisdiction of the supervisee's case to the U.S. District Court for the Western District of Virginia. On October 31, 2023, supervision of Mr. Hill's case was transferred to the undersigned officer.

On February 28, 2024, the undersigned officer met with Mr. Hill at his residence. During that visit, the officer noticed that the supervisee had a smart phone and some other Internet capable devices. Mr. Hill stated he did not have Internet service on his phone or in his apartment.

On April 25, 2024, the undersigned officer and her supervisor met with the supervisee and his mother, Roberta Hill, at their residence. Mr. Hill and his mother live in a home that has been divided into two apartments. The supervisee lives in the lower apartment and Roberta Hill lives in the upper apartment.

During the home visit, the above officers determined that Mr. Hill had the following Internet capable devices in his apartment: two smart phones, a desktop computer, a smart television, a Roku streaming device, a PlayStation 2 videogame system, a PlayStation 4 videogame system, a Nintendo Switch videogame device, and an Xbox 360 videogame system.

The undersigned officer would note that a number of Internet browser applications and programs can be installed on the supervisee's smart phones and desktop computer. The above officers also believe that Mr. Hill's PlayStation 4 videogame system, Nintendo Switch videogame device, and Xbox 360 videogame system have Internet browser applications. If the supervisee connected the above devices to the Internet, he could communicate with minors, access child pornography, or engage in other illegal activities. The officers believe that some Internet browser applications are also available for the supervisee's Roku streaming device, but they do not work well. The officers do not believe that Internet browser applications are available for Mr. Hill's smart television or PlayStation 2 videogame system.

Mr. Hill advised the above officers that his smart phones did not have Internet service and he did not have Internet service in his apartment. Roberta Hill was then asked if she had Wi-Fi service in her apartment. She stated she had such service in her apartment, but it was password-protected and she had not shared the password with her son.

The supervisee advised the above officers that his former probation officer allowed him to have the above Internet capable devices because he did not have Internet service. The officers advised Mr. Hill that the special conditions that were imposed on October 27, 2020, prohibited him from possessing Internet capable devices unless monitoring software was installed on the devices. The officers further advised the supervisee that they believed the court should have been asked to modify those special conditions because monitoring software had not been installed (or could not be installed) on his Internet capable devices.

The above officers advised the supervisee that they did not foresee a problem with him continuing to use his desktop computer, smart television, Roku streaming device, PlayStation 2 videogame system, PlayStation 4 videogame system or Xbox 360 videogame system if he did not obtain Internet service in his apartment and his mother did not share the password for her Wi-Fi service. However, they believed that the court should be asked to modify his conditions of supervision so he could continue to use those Internet capable devices.

The above officers further advised Mr. Hill that they had some concerns about his smart phones. The supervisee was informed that although his phones do not have Internet service, he could connect the phones to the Internet when he visits any location that offers free Wi-Fi service (e.g. a restaurant, a coffee shop, a library, etc.). Mr. Hill stated he installed an application on his primary phone which prevents it from connecting to the Internet. The undersigned officer would note that the supervisee may be able to easily uninstall that application when he visits a location that offers free Wi-Fi service.

The above officers advised the supervisee that monitoring software could be installed on one of his smart phones. The officers further advised Mr. Hill that the court may be willing to impose a condition which

allowed him to have a smart phone without monitoring software that the probation office could randomly examine. The supervisee stated he would give the matter some thought and let the undersigned officer know his preference.

The above officers did not tell Mr. Hill that they had concerns about his Nintendo Switch video game device during the home visit because they were not familiar with the device's capabilities. After conducting some research, the officers believe the device has a built-in Internet browser application. Unfortunately, monitoring software cannot be installed on the device, and the probation office does not have the ability to adequately examine the device. Therefore, the undersigned officer has concerns about the supervisee possessing the small, handheld Internet capable device as he could connect it to the Internet when he visits any location that offers free Wi-Fi service.

On April 29, 2024, Roberta Hill sent an email to the undersigned officer which stated that she and the supervisee removed one of the smart phones, the smart television, the PlayStation 4 videogame system, the Nintendo Switch videogame device, and the Xbox 360 videogame system from her son's apartment. The undersigned officer would note that Mr. Hill was never asked to remove the above items from his apartment.

On May 3, 2024, the above officers learned that multiple articles regarding the home visit on April 25, 2024, had been posted on the internet. The articles were allegedly written by an individual named Stanley Bolten, but the officers believe that Mr. Hill wrote the articles. One of the articles alleged that the officers conspired to charge the supervisee with fabricated violations of his supervised release. A video of Mr. Hill talking to a recording device was also posted on the Internet. In the video, the supervisee stated that the officers were corrupt, were trying to blackmail him, and were trying to charge him with fabricated violations of supervised release.

On May 3, 2024, the above officers also learned that recordings of some of the conversations that occurred during the home visit on April 25, 2024, had been posted on the Internet. During the middle portion of the home visit, the officers learned that Mr. Hill was using an audio recording application on his smart phone to record his conversation with the officers. After listening to the recordings that were posted on the Internet, the officers discovered that the supervisee began recording his conversation with the officers as soon as the home visit began.

The supervisee did not ask the above officers for consent when he began recording his conversation with the officers at the beginning of the home visit on April 25, 2024. However, the officers believe Mr. Hill's actions were initially lawful as he was a party to the conversation that he recorded. Shortly after the home visit began, the officers asked the supervisee for permission to examine his phone and he consented. Mr. Hill then became concerned about the situation and he went to his mother's apartment. The officers continued to look at the phone and discuss the home visit while the supervisee was not present and his phone was still recording.

Mr. Hill did not stop the audio recording application on his smart phone, or obtain consent to record the above officers' conversation, before he went to his mother's apartment. Therefore, the officers believe that the supervisee committed the offense of Unlawful Interception of Oral Communications, a Class 6 Felony and a violation of Virginia Code § 19.2-62, by recording the officers' conversation when he was not a party to the conversation and did not have their consent.

The undersigned officer does not plan to ask the court to schedule a supervised release violation hearing in this case at this time. However, the undersigned officer would recommend that the court address Mr. Hill's alleged criminal conduct during the proposed modification hearing.

Page 7

The Administrative Office of the U.S. Courts recently developed some new cybercrime management special conditions for U.S. Probation Officers to recommend to U.S. District Courts. The conditions have been approved by the Judicial Conference of the United States.

The undersigned officer recently advised Mr. Hill that she would like to ask the court to remove the previously imposed special conditions listed on pages 1 and 2 of this petition, and impose the new cybercrime management and custom special conditions listed on pages 2 and 3 of this petition. The new cybercrime management special conditions (Conditions 1 - 5 on pages 2 and 3) are similar to Mr. Hill's existing special conditions.

The supervisee advised the undersigned officer that he was opposed to the imposition of some of the above special conditions. Therefore, it is respectfully recommended that the court schedule a modification hearing to determine if the supervisee's special conditions should be modified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 28, 2024

_____
Haylea N. Workman
U.S. Probation Officer

THE COURT ORDERS:

☐ No action.

☒ The issuance of a summons.

☐ Other:

_____
Signature of Judicial Officer

_____
November 15, 2024
Date