# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Danville Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Case No. 4:20-CR-027-TTC** |
| ) | |
| **BRIAN DAVID HILL,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW Brian David Hill, by counsel Nia Ayanna Vidal, and files this response to the government's motion to modify conditions of supervised release. ECF No. 23. The government's motion is in conjunction with the probation officer's request to modify the conditions of release to remove seven of the current special conditions of supervision and impose eight new, albeit similar, special conditions. ECF No. 11. Mr. Hill has a number of concerns regarding not only the proposed new special conditions, but also some of the special conditions that were added without a hearing or attorney in 2020 before his case was transferred to the Western District of Virginia. *See United States v. Brian David Hill*, Case No. 1:13CR435 (M.D.N.C.) ("*Hill*, M.D.N.C."), ECF No. 260. Under the circumstances, Mr. Hill requests that this court limit the modifications to the conditions of supervised release.

### BACKGROUND

On November 10, 2014, Judge William L. Osteen, Jr., of the United States District Court for the Middle District of North Carolina, sentenced Mr. Hill to a term of 10 months' imprisonment as a result of his plea of guilty to possession of child pornography. The Judgment was entered two days later on November 12, 2014. *Hill*, M.D.N.C., ECF No. 54. The court imposed a 10-year

1

term of supervised release.  The court imposed several sex offender related conditions, including the following three conditions that are the most relevant with respect to the pending request to modify conditions:

> The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.
>
> If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.
>
> The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

*Id.* at 4.

At the time of sentencing, Mr. Hill was 24 years of age.  He had no criminal history, resulting in a criminal history category of I.  *See* ECF No. 22, at ¶¶ 32-37.[1]  He had no history of substance abuse.  *Id.* at ¶ 46.  He is a Type I, insulin dependent, brittle diabetic.  *Id.* at ¶ 42.  Prior to his arrest for this offense, he received SSI disability benefits of $700 a month.  *Id.* at ¶ 49.  He continues to receive disability benefits today. Mr. Hill was diagnosed with Autism at the age of three after being misdiagnosed with Asperger's Syndrome, Duane's Syndrome, and intermittent explosive disorder.  *Id.* at ¶ 44.

Before imposing the sentence, the court ordered that a psychological and psychosexual evaluation be completed.  The presentence report includes a significant verbatim recounting of that

---

[1] The final presentence report was docketed as ECF No. 33 in *Hill*, M.D.N.C.  However, it is docketed in this court as ECF No. 22.  All references to the final presentence report will refer to the docket number in this court.

evaluation. Dr. Keith Hersh, who conducted the evaluation, noted that "Mr. Hill presents with complicated psychiatric difficulties, and he meets diagnostic criteria for mental disorders." *Id.* at 14. Those disorders include Autism Spectrum Disorder, Delusional Disorder, Persecutory Type, Obsessive-Compulsive Disorder, with Fair Insight, Generalized Anxiety Disorder, and Posttraumatic Stress Disorder. He was given a "rule out" diagnosis of Pedophilic Disorder, Nonexclusive Type. The essential features of Autism Spectrum Disorder are persistent impairment in reciprocal social communication and social interaction, and restrictive, repetitive patterns of behavior, interests, or activities. Notably, Dr. Hersh concluded that, "[c]onsidering the low base rate of reoffending among similar offenders, the presence of a moderate number of dynamic risk factors, and the presence of possibly protective factors, Mr. Hill's risk of committing additional sex offenses is considered to be Low." *Id.* at 18.

Several months into his term of supervised release, Judge Osteen found Mr. Hill in violation of the terms of his supervised release in June 2015 for verbally abusing the probation officer, despite Mr. Hill contesting the allegation. ECF No. 11, at 4. The court took no punitive action and continued his terms of supervision. However, in September 2019, the court revoked Mr. Hill's supervised release and imposed a nine-month term of imprisonment based on a conviction of indecent exposure, a charge he continues to dispute. *Id.* The court also imposed a nine-year term of supervised release to commence upon his release from custody. *Id.* His conditions of supervised release were not changed at that time.

Mr. Hill was released on December 6, 2019 onto his second term of supervised release. Almost a year later in October 2020, the conditions of supervised release were modified to add three special conditions. Those conditions included: (1) no internet capable devices without the approval of probation, and that he must comply with the Computer Monitoring Program, which

3

allows the probation officer to identify, monitor, access and seize any such devices under the defendant's control; (2) disclosure of all internet capable devices to the probation officer; (3) device monitoring at any time and seizure of devices and storage media upon reasonable suspicion of wrongdoing; and (4) submission to search and seizure of internet capable devices and the retrieval and copying of data. *Id.* As he was residing in the Western District of Virginia, supervised release jurisdiction was transferred to this district upon the addition of these conditions. Although Mr. Hill executed a "PROB 49" form indicating that he consented to the change, he did not have the benefit of attorney advice. *Hill*, M.D.N.C., ECF No. 260.

Mr. Hill has now been under court supervision for over 10 years.

## ARGUMENT

Pursuant to 18 U.S.C. 3583(e)(2), this court can modify the conditions of supervised release at any time prior to its expiration or termination. When deciding whether to modify the conditions, this court must consider the sentencing factors under 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment, *id.* at § 3553(a)(2)(B-D); the kind of sentence and the sentencing range established for the applicable guidelines or policy statements, § 3553(a)(4); any other pertinent policy statements, § 3553(a)(5); the need to avoid unwarranted disparity among defendants with similar records and conduct, *id.* at § 3553(a)(6); and the need to provide any restitution to any victims of the offense, *id*. at § 3553(a)(7).

The court must also follow Rule 32.1 of the Federal Rules of Criminal Procedure, and "the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

18 U.S.C. § 3583(e)(2).  Prior to making any change to the conditions of supervision, the court must hold a hearing where the defendant "has the right to counsel and an opportunity to make a statement and present any information in mitigation," unless the hearing is waived or the modification benefits the defendant.  Fed. R. Crim. P. 32.1(c).

When determining discretionary conditions of supervision, the court must impose conditions that are "reasonably related to the factors set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)," "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)," and are consistent with Guidelines policy statements. District courts have "broad authority to impose, modify, and revoke conditions of supervised release, as necessary, tailored to the specific and individual circumstances of each defendant."  *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (citing *United States v. Allen*, 2 F.3d 538, 539 (4th Cir. 1993)).  However, this discretion is not unlimited.

The Fourth Circuit has determined that the modification of the conditions of supervised release cannot be used to challenge the legality of a specific condition if there was no corresponding factual or legal change in circumstances.  *See United States v. McLeod*, 972 F.3d 637, 644 (4th Cir. 2020). In *McLeod*, the defendant sought to modify the conditions of his supervision to remove the sex offender registration requirement, arguing that it was unlawful.  The Court dismissed the appeal, noting that, "although we cannot anticipate every situation in which a § 3583(e)(2) motion might provide an appropriate vehicle for reconsideration of the terms of supervised release, the statute at least provides an avenue for district courts to consider new, unforeseen, or changed legal or factual circumstances, including those that go to the legality of a sentence." *Id.*

5

In another, albeit unpublished decision, the Fourth Circuit determined that "Section 3583(e)(2) does permit a district court to modify the conditions of supervised release, but only upon a showing of changed circumstances." *United States v. McMahon*, No. 99-4239, 2000 U.S. App. LEXIS 18182, at *11 (4th Cir. July 28, 2000) (citing *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  In *McMahon*, the Court held that the district court exceeded its jurisdiction when it changed the restitution amount as a modification of a condition of supervised release, noting that any potential illegality of the restitution was not a change of circumstances. *Id.* at *10, 12.  The Second Circuit reached the same conclusion in *Lussier*. *See also United States v. Liptak*, No. 7:07CR00009, 2007 U.S. Dist. LEXIS 44746, at *5 (W.D. Va. June 20, 2007) ("Courts have held that § 3583(e) allows for the modification of a defendant's conditions of supervised release to account for new or unforeseen circumstances.") (citations omitted).

In *Liptak*, similar to the instant case, the defendant had been convicted of possession of child pornography. *See id.* at *1-2.  His supervision originated in the District of Columbia but was subsequently changed to this district. *Id.*  Shortly after transferring to this district, the probation officer filed a petition with the district court to request that the defendant's conditions of supervised release be modified to include participation in a sex offender assessment, sex offender treatment, or mental health treatment. *Id.* at *3.  The district court approved of the modification, noting that the defendant's circumstances had changed due to his desire to spend time with family and to have access to the Internet for employment purposes, as well as the advancements that had been made in assessing an individual's risk of recidivism. *Id.* at *6.

In this case, the only changed circumstance is a new probation officer.  There have been no changes in Mr. Hill's factual or legal circumstances since the original conditions of supervised

6

release were imposed in 2014. Moreover, Mr. Hill has a number of concerns and disagreements about further modifying the conditions of supervised release:

    1.    Mr. Hill has a pending habeas corpus petition under Section 2255 before the U.S. District Court in the Middle District of North Carolina and several appeals pending in the Court of Appeals of Virginia. His pending 2255 involves primarily claims of actual innocence and ineffective assistance of counsel. His pending appeals largely involve his assertion that he was improperly convicted of indecent exposure, and evidence was illegally destroyed in that case. As such, Mr. Hill aims to establish that the 2019 finding of a supervised release violation was patently unfair.

    2.    He uses his desktop computer to write letters and pleadings related to his legal filings. As such, he is operating in a pro se fashion, representing himself, and is entitled to a measure of confidentiality under the circumstances. The desktop computer cannot access the internet, and therefore, it is not necessary to put monitoring software on this device. Moreover, his former probation officer periodically reviewed this computer to assure that it continued to have no access to the internet.

    3.    He has asserted actual innocence and that his purported confession made during a post-arrest interview was coerced and involuntary in that he was not fully alert due to his diagnosis as a Type I, brittle diabetic, who had low blood sugar at the time; although legally an adult, he suffers from autism which makes him particularly vulnerable to false confessions. He was interviewed outside of the presence of his mother and caregiver.

    4.    Mr. Hill has asserted that he did not in fact knowingly possess child pornography, and he did not download any images of child pornography onto his computer.

5. Mr. Hill has also asserted that his attorney for the underlying conviction was ineffective.

6. Based on a conversation he had with U.S. Probation Officer ("USPO") Haylea Workman in November 2023, Mr. Hill believed that his conditions of probation as imposed during the supervision by his prior officer Jason McMurray, would remain the same.

7. Change is difficult for someone who suffers with both Autism Spectrum Disorder and Obsessive Compulsive Disorder. It is also unnecessary in this case. He had built a relationship of trust with his former probation officer, and this proposed change seems to be a manifestation of distrust when Mr. Hill has complied with supervision since his release in 2019 and has not done anything wrong. In his own words in a letter written to the U.S. Probation Officer, Mr. Hill stated that, "I feel like the way you want to propose these additional conditions means you do not trust me and that creates issues with the supervision when I feel that you don't trust me no matter how honest I am with you. Trust issues between a Probation Officer and Probationer is problematic. It creates issues and is counter to anything such as rehabilitation and making sure I obey the law after release from imprisonment. It counters any ability to demonstrate good character and good faith."

8. He has completed mental health treatment.

9. Mr. Hill is concerned about the payment of monitoring software on his various devices.

None of these concerns evidence a change in the factual or legal circumstances of this case. There have been no further violations of supervision since December of 2019. Mr. Hill has been on supervised release for over ten years and has been in substantial compliance with supervision since then. Under the circumstances, the proposed modification of the terms of his supervision reflects conditions that are not the least restrictive conditions available. Mr. Hill submits that the

original conditions of supervision as imposed by Judge Osteen are sufficient and appropriate under the circumstances.

## CONCLUSION

Mr. Hill is concerned about the modification of the original terms of supervised release imposed by Judge Osteen. Both in 2020 and the current proposed modifications. He respectfully requests that this court consider reimposing the original terms of supervised release.

Respectfully submitted,
BRIAN DAVID HILL

By: _____/s/_____
        Counsel

Nia Ayanna Vidal, Esq.
Supervisory Assistant Federal Public Defender
Virginia Bar Number 48871
Attorney for Mr. Hill
Office of the Federal Public Defender
210 First Street, SW, Suite 400
Roanoke, VA 24011
Telephone: (540) 777-0898
Fax: (540) 777-0890
Email: Nia_Vidal@fd.org