CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
1/7/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 4:20-cr-00027 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRIAN DAVID HILL, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Before the court is a voluminous *pro se* filing from Defendant Brain David Hill in anticipation of the scheduled hearing on a petition to modify the terms of his supervised release.[1] (ECF No. 29.) Defendant fears the hearing will be a "trial by ambush" and "wants this important evidence submitted so the Judge, the prosecutor, and the defense attorney can read what needs to be said in court, what needs to be on court record, and what should later be used to take into consideration before the hearing, and during the hearing, and before a final decision is made regarding modification of Defendant's supervised release." (*Id.* at 2–3.) Although the court appointed highly competent counsel to represent him, Defendant nevertheless filed this evidence out of order.

First, submission of evidence to the court in this manner is improper. A hearing on the petition to modify Defendant's conditions of supervised release is imminent, and all relevant evidence will be entertained by the court at that time, *provided that* it is proper to consider. *See* Fed. R. Evid. 402 ("Relevant evidence is admissible . . . . Irrelevant evidence is

---

[1] The pleading consists of 170 pages of "evidence" and several CDs, which Defendant requests the court "serve" on other parties. The court does not serve copies of evidence on parties. If Defendant wishes for anyone to have a copy of the physical CDs he submitted, he is obligated to make the necessary arrangements. The CDs will be maintained in the clerk's office in Roanoke, Virginia, as part of the official record of these proceedings, and are available for review by the public at the clerk's office.

not admissible."). In other words, the rules that apply to every other party before the court apply to Defendant.

Second, Defendant is represented by counsel. The court is not obligated to consider *pro se* motions, letters, or requests from represented parties. *See, e.g.*, *United States v. Hammond*, 821 F. App'x 203, 207 (4th Cir. 2020) (unpublished) ("[A] district court is under no obligation to consider a defendant's *pro se* motion when he is represented by counsel."); *United States v. Carranza*, 645 F. App'x 297, 300 (4th Cir. 2016) (per curiam) (unpublished) ("A criminal defendant has no statutory or constitutional right to proceed *pro se* while simultaneously being represented by counsel."); *United States v. Barnes*, 358 F. App'x 412, 413 (4th Cir. 2009) (per curiam) (unpublished). The court is confident that, if Defendant cooperates with his counsel, she will present all relevant and admissible evidence in support of Defendant's position.

While the court has ordered the docketing of the materials to ensure a complete and public record, it will not consider Defendant's filing further except to the extent the evidence is presented to the court at the *appropriate* time, in the *appropriate manner*, and the serious allegations contained therein[2] are subject to cross examination by the government.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 7th day of January, 2025.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[2] For example, Defendant insinuates that United States Probation Officer ("USPO") Jason McMurray, who died in October of 2024 after a long and documented battle with cancer, was murdered as part of a vast conspiracy against Defendant because USPO McMurray would testify favorably for Defendant, and that USPO "Haylea Workman and her supervisor . . . waited until a day after USPO McMurray's death for USPO Haylea Workman to file" the petition. (ECF No. 29 at 13–14.)