CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

FEB 10 2025

LAURA A. AUSTIN CLERK
BY: _____
DEPUTY CLERK

In the United States District Court
For the Western District of Virginia

Brian David Hill,　　　　　）
　　Defendant　　　　　　　）
　　　　　　　　　　　　　）　Criminal Action no. 4:20-cr-00027
　　　　　v.　　　　　　　 ）
　　　　　　　　　　　　　）　Other case no. 1:13-cr-435-1,
United States of America,　）　M.D.N.C.
　　Plaintiff　　　　　　　 ）
　　　　　　　　　　　　　）
　　　　　　　　　　　　　）

---

## CRIMINAL DEFENDANT BRIAN DAVID HILL'S MOTION FOR SUBSTITUTE COUNSEL DUE TO ONE OR MORE CONFLICTS OF INTEREST CONCERNING ATTORNEY NIA VIDAL





**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street,**
**Apt. 2 Martinsville,**
**Virginia 24112**
**(276) 790-3505**
**c/o: Rbhill67@comcast.net; Roberta Hill**

---

*Pro Se ~~Appellant~~*　　　　　　　　– **JusticeForUSWGO.wordpress.com**

COVER PAGE

1

Criminal defendant Brian David Hill ("Brian D. Hill", "Hill", "Brian", "Defendant", "Probationer") files this motion with this honorable court requesting new counsel (substitute counsel) to be appointed in this criminal case due to one or more conflicts of interest. Brian Hill is asking for substitute counsel as his lawyer Nia Vidal is in one conflict of interest or more conflicts of interest. Attorney Nia Vidal appointed to Brian Hill's criminal case advised in email to Roberta Hill that Brian can file a pro se request for new counsel. See Rules of Professional Conduct 1.3, 1.6 and 1.7; see also Holloway v. Arkansas, 435 U.S. 475 (1978); Dowell v. Commonwealth, 3 Va. App. 555 (1987). The facts in support of this motion are as follows:

Evidence ATTACHMENT PAGES 1-14 are attached to this motion. The ATTACHMENT PAGES are at the footer of each page of attached documents.

| DOCUMENT TITLE: | PAGES: | BRIEF DESCRIPTION |
|---|---|---|
| 1. Subject: RE_ Brian Hill - rbhill67@yahoo.com - Yahoo Mail.pdf | 2 PAGES – ATTACHMENT PAGES: 1-2 | Email from Attorney Nia Vidal to Roberta Hill. Date: February 6, 2025 |
| 2.EMERGENCY Letter to Federal Public Defender – February 6, 2025(1).pdf | 2 PAGES – ATTACHMENT PAGES: 3-4 | EMERGENCY Letter to Attorney Nia Vidal, Date: February 6, 2025 |
| 3.2025.01.30_Letter_Subpoena Revised Conditions.pdf | 3 PAGES – ATTACHMENT PAGES: 5-7 | Letter from Attorney Nia Vidal, Date: January 30, 2025 |

| 4.EMERGENCY Letter to Federal Public Defender – January 23, 2025(3).pdf | 5 PAGES – ATTACHMENT PAGES: 8-12 | EMERGENCY Letter to Attorney Nia Vidal, Date: January 23, 2025 |
| --- | --- | --- |
| 5.EMERGENCY Letter to Federal Public Defender – January 13, 2025(1).pdf | 2 PAGES – ATTACHMENT PAGES: 12-14 | EMERGENCY Letter to Attorney Nia Vidal, Date: January 13, 2025 |

1. Attorney Nia Vidal is in conflict of interest with Brian D. Hill because she is to be a witness for the filed lawsuit which was filed on February 6, 2025. See the accompanying **NOTICE OF FILED LAWSUIT** pleading filed along with this motion entitled: "CRIMINAL DEFENDANT BRIAN DAVID HILL'S **NOTICE OF FILED LAWSUIT** IN RESPONSE TO DKT. #11 AND DKT #23 CONCERNING FRAUD UPON THE COURT, LIES, AND DUE PROCESS DEPRIVATION BY THE UNITED STATES OF AMERICA (PLAINTIFF)"

2. The civil case has been docketed as of February 6, 2025, as civil case number: **4:25-cv-00004**. Entitled: Brian David Hill (Plaintiff) vs. Haylea Workman and Drew Inman (Defendants). Western District of Virginia. Lawsuit is pending and IFP Application is still pending as of the day of this pleading.

3. See the EMERGENCY LETTER to Attorney Nia Vidal dated February 6, 2025 (**ATTACHMENT PAGES: 3-4**). Defendant sent a letter to his court appointed lawyer about the conflict-of-interest issues with her continuing with her representation of Defendant in this criminal case. This is in response to the "Email from Attorney Nia Vidal to Roberta Hill. Date: February 6, 2025" (**ATTACHMENT PAGES: 1-2**). The first two pages of what is being attached to this motion. The court appointed attorney Nia Vidal is refusing to hold the Plaintiff: United States of America accountable for lying to the court about the supervised release issues as to the justification of modifying the conditions of release concerning Defendant Brian David Hill. She is refusing to file any Hazel Atlas motions or any motions to address the fraud upon the court by Plaintiff: United States of America. See the active case docket and filings of: **Hill v. Workman, 4:25-cv-00004, (W.D. Va.)**.

4. Attorney Nia Vidal is legally obligated as an officer of the court to notify the U.S. District Court and the U.S. District Judge of any prima facie (proven) factual frauds upon the court or fraud upon the court, even if the fraud is being perpetuated by the U.S. Attorney Office and/or the U.S. Probation Office. Nia Vidal appears that she may be afraid or scared to challenge the fraud, or to even formally accuse the U.S. Attorney Office

4

of fraud. Well, if there is any hard evidence to prove the fraud, then Attorney Nia Vidal needs to do the right thing even if she mentally fears any retaliation. It is any fear of retaliation which deprives the Defendant of all of his constitutional rights under the color of law.

5. The client of Attorney Nia Vidal, the client Brian David Hill had asked her to do something about the lies of the U.S. Attorney. She has done absolutely nothing about addressing it formally or in writing before the hearing where the lies will prejudice the judge.

6. So, Defendant took the legal matters into his own hands by filing the lawsuit and demanding a jury trial for the defamation/slander/libel, noted in paragraphs 1-3. If Attorney Nia had done her job at asking the Court to rectify and correct the false statements in Document #11 and Document #23. The corrections need to be made where only the truth is what should be used in the federal prosecution against the Defendant. Lies should not be used in the federal prosecution against the Defendant.

7. In a phone conversation Brian had with Attorney Nia Vidal, dated: December 19, 2024, if Brian remembers correctly, she did know that in a recorded conversation with Brian Hill with the probation officers on April 25, 2024, the supervisor did verbally say to Brian that he was free to record the conversation with his probation officer that day. Attorney

Nia had access to the recorded conversation audio files from the date of April 25, 2024. She knew that Brian Hill, Brian's mother Roberta Hill, U.S. Probation Officer Haylea Workman, and the supervisor (bald-headed) were in the recorded audio and the supervisor said that Brian was free to record his conversation with his probation officer. She was aware that no felony had been committed on that day in contradiction to the lies told by the U.S. Attorney in Dkt. #23, and the lies told by the U.S. Probation Office in Dkt. #11. It was a lie for them to say that Brian violated the unlawful interception of oral communication. Nia Vidal is also in possession of the audio recordings from Defendant dated April 25, 2024 which proves Defendant's claim that he was allowed to record on April 25, 2024. She may be aware that the two probation officers who were in the recording, the reason the file even exists is because one of them saved the recording to the cell phone, otherwise the recording would not have existed after the phone was seized from the Defendant on April 25, 2024. The recording was authorized by the Probation Officer and then the supervisor said that Defendant was free to record the conversation. No wiretapping law was violated on April 25, 2024. Attorney Nia knew this and refused to address this fraud in writing before the hearing set for the date of February 18, 2025.

8. In May 2024, Defendant Brian David Hill had sent a letter asking the Chief Probation Officer Jennifer Williams for early termination in an unsworn declaration/affidavit letter written to her, and Brian's grandparents also written a letter in support of Defendant's request. See **United States v. Hill, 4:20-cr-00027, (W.D. Va. Dec 23, 2024) ECF No. 29-5, pages 31-55**. The Attorney Nia Vidal never addressed that issue of pushing for early termination instead of the modification and never asked if the U.S. Probation Office ever addressed Defendant's written request for early termination and never asked if they were objected to it or were in support of that request for early termination.

9. The Defendant is subjected not just to the law and the rules of the court, but he is supposed to enjoy his constitutional rights such as the due process clause of the Fifth Amendment of the United States Constitution including attorney/client privilege.

10. The Plaintiff: United States of America has been caught lying about the Defendant in this case and Attorney Nia Vidal is doing absolutely nothing about it to protect the Defendant from the lies. In conflict with her client Brian David Hill's wishes. See **ATTACHMENT PAGES: 8-14**.

11. If an attorney is aware of fraud upon the court by the opposing counsel, the attorney must report this with the supporting evidence to the federal judge who had been lied to or was deceived by the fraud. The client had wished it. See **ATTACHMENT PAGES 8-14**. Then the party who perpetuated the fraud needs to be sanctioned for the fraud. That is to protect the integrity and honesty of this federal court, of the judicial machinery. Otherwise, the attorney Nia Vidal is aiding and abetting the fraud upon the court by both Haylea Workman and Drew Inman. If an attorney refuses to do anything about the fraud, then he or she is aiding and abetting the fraud upon the court. See Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238, 64 S. Ct. 997 (1944). See Chambers v. Nasco, Inc., 501 U.S. 32, 111 S. Ct. 2123 (1991). By legal definition: ("Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the court. Alternatively, the term could be used to refer to a situation in which a material misrepresentation has been made by the court itself. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice.") A Court can act in excess of jurisdiction when the fraud is severe.

12. If Attorney Nia Vidal doesn't have any plan to show proof of the fraud to the extent where the U.S. Government cannot prevail in its motion for modification of Defendant's conditions of release (Dkt. #23), then she is misrepresenting the interests of the very client she is supposed to be representing. This would be Defendant's attorney aiding and abetting the fraud of the opposing party. This isn't just merely ineffective assistance of counsel (Sixth Amendment right to counsel clause, U.S. Constitution) but is misrepresentation and/or lack of representation. It puts the Defendant in a very dangerous position where he is at risk of an unfavorable decision at the hearing on February 18, 2025, because his lawyer doesn't want to do her job at fighting the very frauds, she found or discovered may be going on here. She is aware that the supervisor probation officer gave Brian permission to record the conversation on April 25, 2024, while the U.S. Probation Officer Haylea Workman in Dkt. #11 accused Defendant of felony wiretapping over that very thing. The very supervisor saved the conversation recording from Defendant's seized cell phone to his seized cell phone and did not ask for its deletion. If that wasn't the case, then the recording audio file would not have existed. See **Hill v. Workman, 4:25-cv-00004, (W.D. Va. Feb 06, 2025) ECF No. 2-6: Exhibit 5 - Document #2, Attachment #6**. The probation

officer saved the recording and permitted it and told the Defendant that

he can record the conversation if he wanted to. Attorney Nia Vidal knew

about this, but she refused to rectify the false claims made in Dkt. #11

and Dkt. #23 regarding the conversation recording audio files which was

produced on April 25, 2024. Nia is not correcting the fraud because she

may fear the United States Government retaliating. This isn't right. If she

is not going to fight for her client's wishes, then she needs to work for the

federal prosecutor instead of acting as though she represents the

Defendant.

13. Defendant's due process of law is at stake here. Defendant's freedom of

speech and free press are at stake here. See Hill v. Workman, 4:25-cv-

00004, (W.D. Va. Feb 06, 2025) ECF No. 2. The U.S. Government wants

to go after Defendant's family, friends, and associates by smearing any

online post or video as to coming from only the Defendant, so that

Defendant's family, friends, and associates cannot post anything online

or upload any videos as the Plaintiff will be blamed for any of that. The

Government will just blame the Defendant and claim Defendant is at

fault. Defendant's family, friends, and associates are not on supervised

release conditions and are free to post on the internet or on any blog

about the case of which Brian David Hill is the defendant, as long as it is

not illegal. Defendant's family, friends, and associates are all at risk of losing their rights under the First Amendment of the U.S. Constitution if the liars at the U.S. Attorney Office and U.S. Probation Office have their way in Dkt. #11 and Dkt. #23. Due process of law is at risk of permanent deprivation and wrongful deprivation. The Plaintiff: United States of America has violated the Fifth Amendment of the due process clause. Attorney Nia Vidal had a duty as Defendant's legal representative to protect those sacred constitutional rights of Defendant Brian David Hill, and she neglected to do so. She needs to consider switching sides if she is not protecting her client's constitutional rights here. The U.S. Probation Office wants to search every apartment of the building where Defendant is in one apartment. See the letter from Attorney Nia, **ATTACHMENT PAGES: 5-7**.

14. Attorney Nia Vidal sent a letter on January 30, 2025, where she says: "According to the probation office, there is one note from Mr. McMurray regarding your use of devices, which was that you had a computer that was not connected to the internet. The **probation office acknowledges that Mr. McMurray gave you permission to have and use your devices**.". See **ATTACHMENT PAGES: 5-7**. So this itself proves that the basis on April 25, 2024, for the whole modification petition where

11

Defendant was accused of violating his supervised release over possessing internet capable devices when they were already authorized by former U.S. Probation Officer Jason McMurray, yet Attorney Nia Vidal is allowing the U.S. Probation Office to use the false pretenses to push for more stringent conditions of release instead of the U.S. Attorney Office admitting that they were wrong in their malicious prosecution as seen in Dkt. #23. See United States v. Hill, 4:20-cr-00027, (W.D. Va. Dec 06, 2024) ECF No. 23: "MOTION to Modify Conditions of Release by USA as to Brian David Hill. (Inman, Drew)".

15. Defendant wants the fraud upon the court to be rectified and corrected (Dkt. #11, Dkt. #23), Attorney Nia Vidal does not want to rectify the fraud. See **ATTACHMENT PAGES: 5-7**. Defendant was forced to file a lawsuit pro se to protect his constitutional rights interests which Attorney Nia Vidal had failed in her duty to protect the constitutional rights interests of the Defendant.

16. It is clear that at least one conflict of interest or more conflicts of interest exist regarding Attorney Nia Vidal representing the Defendant. She is now a witness because of the lawsuit where the Defendant filed a letter of what Nia Vidal had sent on January 30, 2025. See **Hill v. Workman, 4:25-cv-00004, (W.D. Va. Feb 06, 2025) ECF No. 2-8: "Exhibit 7 -**

**Document #2** , **Attachment #8**". She brought up documentation proving that she is aware the Defendant was authorized to use the devices at issue on April 25, 2024. Defendant had nineteen (19) phone call recordings with Jason McMurray that even the U.S. Attorney who can listen to those recordings, legally recorded under one party consent, would have to admit that the Defendant was allowed to watch online streaming media such as Mandalorian, as that word: "Mandalorian" was mentioned in one of the recorded conversations. See United States v. Hill, 4:20-cr-00027, (W.D. Va. Dec 23, 2024) ECF No. 29: "Exhibit 1 - Document #29 , Attachment #2", "PRO SE Additional Evidence (Attachments: # 1 Note, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Envelope)(ck) *filing includes several CD's which are available for viewing in Clerk's office in Roanoke* (Entered: 01/07/2025)". Because Attorney Nia Vidal will have to be called forth as a witness for the lawsuit if it proceeds to a jury trial (or bench trial) and discovery phase, then it is inappropriate for Attorney Nia Vidal to be the lawyer of Defendant while she is the witness in Defendant's lawsuit. It is a clear conflict of interest.

## CONCLUSION

13

The Defendant asks this honorable Court to grant this motion requesting substitute counsel for this criminal case for the foregoing reasons as stated above.

The Defendant would like new counsel to advance the legal interests of the Defendant in this matter and to protect the Defendant's constitutional rights as well as pushing for a favorable outcome as a representative of the Defendant.

The Defendant would like an attorney who isn't afraid to address the frauds upon the court and to demonstrate to the honorable Thomas T. Cullen (judge), proof of every fraud which was found to be perpetuated by both U.S. Probation Officer Haylea Workman and Drew Inman in this case.

The Defendant would like to request any other and further relief as the court may deem to be just and proper.

Respectfully filed with the Court, this the 8th day of February, 2025.

Respectfully submitted,

Brian D. Hill
Signed

**Brian D. Hill**

Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
Phone #: (276) 790-3505



Former U.S.W.G.O. Alternative News reporter
I stand with Q Intelligence and Lin Wood – Drain the Swamp

14

I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)

Make America Great Again

Family provided text of link: https://rumble.com/v2ozhp6-the-deep-state-can-frame-you-the-documentary.html  -- JusticeForUSWGO.wordpress.com

**Family provided text of link**: USWGO.COM // JUSTICEFORUSWGO.NL

Petitioner also requests with the Court that a copy of this pleading be served upon the Government as stated in 28 U.S.C.§ 1915(d), that "The officers of the court shall issue and serve all process, and preform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases". Petitioner requests that copies be served with the U.S. Attorney office of Roanoke, VA via CM/ECF Notice of Electronic Filing ("NEF") email, by facsimile if the Government consents, or upon U.S. Mail. Thank You!

## CERTIFICATE OF SERVICE

Petitioner/Defendant hereby certifies that on February 8, 2025, service was made by mailing the original of the foregoing:

"CRIMINAL DEFENDANT BRIAN DAVID HILL'S NOTICE OF FILING EVIDENCE NECESSARY BEFORE THE HEARING, AND REQUEST TO TAKE IT INTO CONSIDERATION AT THE HEARING"

by deposit in the United States Post Office, in an envelope or box, Postage prepaid, on February 8, 2025 addressed to the Clerk of the Court in the U.S. District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401.

Then pursuant to 28 U.S.C. §1915(d), Petitioner requests that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system which will send notification of such filing to the following parties to be served in this action:

| DREW O. INMAN PA Bar No. 328494 Assistant United States Attorney P.O. Box 1709 | |
|---|---|

| Roanoke, VA 24008-1709<br>540-857-2250 (Office)<br>540-857-2614 (Fax)<br>drew.inman@usdoj.gov | |

This is pursuant to Petitioner's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases ... "the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing:<br><br>February 8, 2025 | Respectfully submitted,<br><br>*Brian D. Hill*<br><sub>Signed</sub><br>**Brian D. Hill**<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, Virginia 24112<br>Phone #: (276) 790-3505<br><br>I stand with Q Intelligence and Lin Wood – Drain the Swamp<br>I ask Q Intelligence and Lin Wood for Assistance (S.O.S.)<br>Make America Great Again |

Family provided text of link: Friend's justice site: JusticeForUSWGO.wordpress.com

Family provided text of link: JusticeForUSWGO.NL; https://rumble.com/v2ozhp6-the-deep-state-can-frame-you-the-documentary.html

  

My family provided me with the image of the QR Code. No internet used. My family is allowed to obtain evidence and things for me to use in this legal pleading. They assist me in my legal work.

### THE DEEP STATE CAN FRAME YOU - THE DOCUMENTARY

THE CIA AND FEDERAL AGENCIES THINK THEY CAN FRAME UP WHOEVER THEY WANT.



My family provided me with the image of the QR Code. No internet used. My family is allowed to obtain evidence and things for me to use in this legal pleading. They assist me in my legal work.

2/8/25, 12:48 AM                          (5 unread) rbhill67@yahoo.com - Yahoo Mail

RE: Brian Hill
From:Nia Vidal (nia_vidal@fd.org)
To:rbhill67@yahoo.com
Date:Thursday, February 6, 2025 at 12:15 PM EST
Because I do not have a basis to file a motion to withdraw from representing your son, he will need to write the court to ask that another attorney be appointed.  Judge Cullen will decide whether to do that. Let me know if you have any questions.


# Nia AyannaVidal

Nia Ayanna Vidal
Supervisory Assistant Federal Public Defender
Office of the Federal Public Defender
210 1st Street, SW, Suite 400
Roanoke, VA 24011
(540) 777-0898 (direct line)
(540) 777-0880 (main line)
(540) 589-0644 (cell)
(540) 777-0890 (facsimile)


*************************************************

This e-mail contains attorney-client PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail. Thank you for your cooperation.


**From:** Roberta Hill <rbhill67@yahoo.com>
**Sent:** Thursday, February 6, 2025 12:12 PM
**To:** Nia Vidal <Nia_Vidal@fd.org>
**Subject:** Re: Brian Hill


EXTERNAL SENDER


Nia Vidal,


Brian's grandparents are having a hard time finding an affordable lawyer in such a short time span.  Brian has decided that he needs the court to appoint another lawyer.


Thanks,

Roberta Hill

ATTACHMENT PAGES 1 OF 14

On Tuesday, February 4, 2025 at 06:39:08 AM EST, Nia Vidal <nia_vidal@fd.org> wrote:

Before I file a motion for a continuance, I need to be clear whether you plan to hire an attorney or if you want the court to appoint another attorney to represent you.  Please clarify. Thank you.

# Nia Ayanna Vidal

Nia Ayanna Vidal

Supervisory Assistant Federal Public Defender

Office of the Federal Public Defender

210 1st Street, SW, Suite 400

Roanoke, VA 24011

(540) 777-0898 (direct line)

(540) 777-0880 (main line)

(540) 589-0644 (cell)

(540) 777-0890 (facsimile)

***************************************************

This e-mail contains attorney-client PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail. Thank you for your cooperation.

**From:** Roberta Hill <rbhill67@yahoo.com>
**Sent:** Monday, February 3, 2025 9:08:24 PM
**To:** Nia Vidal <nia_vidal@fd.org>; heidi_bohn@fd.org <heidi_bohn@fd.org>
**Subject:** Brian Hill

EXTERNAL SENDER
Nia Vidal,

Brian needs an extension of time to hire another attorney to represent him.

Also, Brian wants to know what are the exact conditions that you & probation wants for him to sign?  He needs to see a copy of the full agreement you want him to sign.

Thanks,

Brian Hill's Mom,
Roberta Hill

ATTACHMENT PAGES 2 OF 14

## EMERGENCY Letter to Federal Public Defender – February 6, 2025

| ATTN: Heidi Bohn<br>ATTN: Nia Ayanna Vidal<br>Federal Public Defender | 210 First Street SW, Suite 400<br>Roanoke, VA 24011<br>Phone: 540-777-0880<br>Fax: 540-777-0890 |
|---|---|

Nia Ayanna Vidal,
CC: Heidi Bohn

My mother read to me the email of what you had sent to her today. Look I will give you a basis for why I want to request new counsel to be appointed. You are acting in conflict of interest against me in my criminal case and you should know why.

What led up to the petition for modification was based on devices which Jason McMurray had already allowed me to use. He allowed me to watch Mandalorian and he knew I watched Star Wars and was encouraging me to watch Star Wars and he knew that would be through Disney+. The U.S. Probation Office was given affidavit of this fact.

The Supervisor also approved me of recording the conversation and he saved the recording to my cell phone which he would have to save the recording after stopping it or he would have to refuse to save in order for the recording to be deleted or he could have deleted the recording and then inform me of the legal issues. The probation officer saved the recording on April 25, 2024, to my phone and let me have it. So I committed NO FELONY and did not violate the unlawful interception of oral communication.

Look, I won't tell you what day I will file the lawsuit, but I plan on suing the Assistant U.S. Attorney Drew Inman and USPO Haylea Workman for civil rights violations under a Bivens claim. You are a witness for this lawsuit since you discovered that Jason approved of the devices at issue which led up to the modification petition.

You are refusing to file any Hazel Atlas motion bringing the allegations of fraud upon the court against Drew Inman and Haylea Workman. You will not hold them accountable for fraud on the court. Because of this I cannot challenge their lies while having you represent me as my lawyer. You are acting in conflict of interest.

This suit will be filed before the hearing on February 18, 2025. I promise you that.

You are a witness now because you have knowledge of things for this lawsuit for when it is filed at some point before the hearing. As a witness, you cannot be a witness

Page 1 of 2 - Letter to Federal Public Defender dated Feb 6, 2025.

for my civil case and at the same time represent me as a lawyer. That is legally a conflict of interest. Once the lawsuit is filed, I can notify you with the case number.

You refused to do anything about the fraud upon the court which would be justification to modify my conditions back to what was approved by Judge William Lindsey Osteen Junior including the suspension of the drug testing since I have no drug history and approved that my supervised release continue after I was discharged from Sex Offender counseling since I kept asserting my actual innocence.

Yes, my conditions should be put back to before the "internet capable devices" condition which made no sense since Jason McMurray had already approved of everything even before the new conditions. So I violated no conditions, especially if I was grandfathered in. Jason approved all that before the new conditions of 2020. So it is at the fault of the U.S. Probation Office if they had to sit there and write the judge to approve every little device I may request to use. None of that makes any sense as it is usually the probation office to approve devices and it was this way of what was approved by Judge Osteen. **Case law says Probation Officers are officers of the court.**

You are acting in conflict of interest here. When the lawsuit is filed and is given a case number in the future then I will give you the case number if necessary unless you already have filed a motion to withdraw from my criminal case.

So you are hereby acting in conflict of interest in my criminal case. You are a witness and you know the truth. You know that things claimed by Drew Inman are frauds upon the court. It is a fraud when factually untrue. When I file the lawsuit, I will request or demand jury trial. A jury will have to hear from every witness. You are now a witness. I shall not write you anymore so I don't jeopardize you as a witness in my future civil case. I have to treat you as a witness and I have to write to you as only a witness and somebody I would have to subpoena or ask you to testify at a future trial in front of a jury. You are in conflict of interest and need to withdraw from my case. See Rules of Professional Conduct 1.3, 1.6 and 1.7; see also Holloway v. Arkansas, 435 U.S. 475 (1978); Dowell v. Commonwealth, 3 Va. App. 555 (1987).

*Brian D. Hill*
Signed
**Brian D. Hill**
Brian David Hill
310 Forest Street, Apartment 2
Martinsville, VA 24112
(276) 790-3505

Page 2 of 2 - Letter to Federal Public Defender dated Feb 6, 2025.

FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF VIRGINIA
210 FIRST STREET, SW, SUITE 400
ROANOKE, VIRGINIA 24011
(540) 777-0880
FAX: (540) 777-0890

Nia Vidal
Supervisory Assistant Federal Public Defender
(540) 777-0898 (Direct)

Mary E. Maguire
Federal Public Defender
(540) 777-0895

January 30, 2025

*VIA EMAIL: rbhill67@yahoo.com*

Brian Hill
310 Forest Street
Martinsville, VA 24112

Dear Mr. Hill:

I am in receipt of your letters requesting that I subpoena the U.S. Probation Office's files regarding your communications with your former probation officer, Jason McMurray. Given the nature of the hearing scheduled on February 18, 2025, which is whether Judge Cullen will modify the conditions of your supervised release, I am not inclined to do that. According to the probation office, there is one note from Mr. McMurray regarding your use of devices, which was that you had a computer that was not connected to the internet. The probation office acknowledges that Mr. McMurray gave you permission to have and use your devices.

I understand you have pending *pro se* matters regarding your previous supervised release violation, as well as your underlying conviction from the U.S. District Court for the Middle District of North Carolina. The hearing on February 18, 2025 does not concern those matters, but concerns whether the court will modify the conditions of your supervised release.

Initially, U.S. Probation Officer Haylea Workman filed a request to modify the conditions of your supervised release when she filed the document "Request for Summons and Modification of the Conditions or Term of Supervision" on November 15, 2024. You should have a copy of that document. Originally, she wanted to significantly revise the prior conditions of your supervised release as outlined on pages 2 and 3 of the Request.

As you know, I filed a memorandum on your behalf outlining your concerns with the suggested revised conditions, given Jason McMurray's previous supervision of you and the understanding that you had with him regarding the use of your devices, as well as your concerns about the probation officer having access to review your desktop computer that you use for the preparation of your legal documents. In response to that, the probation office has decided to amend its original requested modification.

ATTACHMENT PAGES 5 OF 14

The probation office proposes that the current conditions listed on pages 1 and 2 of the Request remain the same, except condition 4 would be removed, and three conditions would be added. The current condition 4 that probation proposes to be removed states: "In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on the defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control."

In addition to removing the current condition 4, the probation office seeks to add the following conditions:

<u>Add Condition 1A *or* 1B, Condition 2 & Condition 3</u>

<u>Condition 1A</u>
The defendant may possess and use a cell phone that cannot access the Internet (e.g. a basic flip phone). The defendant may not possess and use an Internet capable smart phone.

<u>Condition 1B</u>
The defendant may possess and use an Internet capable smart phone under the following conditions: 1) the device does not have Internet service, 2) the device can be configured so it cannot access the Internet via Wi-Fi service, 3) the probation officer is allowed to configure the device so it cannot access the Internet via Wi-Fi service and password protect the configuration, 4) the defendant does not circumvent the above configuration, and 5) the probation officer is allowed to examine the device to monitor the defendant's compliance with his conditions of supervised release.

<u>Condition 2</u>
The defendant may possess and use his PlayStation 2 videogame system, PlayStation 4 videogame system, Xbox 360 videogame system, and desktop computer under the following conditions: 1) the defendant only uses the above devices at his residence, 2) the defendant does not obtain Internet service in his residence, 3) the defendant does not connect the above devices to the Internet via the Wi-Fi service in his mother's residence, and 4) the probation officer is allowed to examine the above devices (except the desktop computer which the defendant uses to prepare legal documents) to monitor the defendant's compliance with his conditions of supervised release.

<u>Condition 3</u>
The defendant may not possess or use his handheld Nintendo Switch videogame system.

Please keep in mind that, due to the nature of your conviction in North Carolina, the court will most certainly require the monitoring of your devices, with the exception of your desktop computer. I would appreciate you letting me know your thoughts regarding the new proposed

ATTACHMENT PAGES 6 OF 14

conditions, which are less restrictive than the new conditions initially requested by the probation officer.

Please let me know your thoughts about these proposed new conditions.   I had previously asked you to provide me your thoughts about the requested new conditions in the "Request for Summons and Modification of the Conditions or Term of Supervision," which I never received from you.   I asked you to provide your thoughts in writing because you seem to be more comfortable communicating in writing than orally.   I ask you now again to provide me your thoughts about the newly proposed conditions outlined in this letter so I will know how to proceed at the February 18, 2025 hearing.

Although I know you are more comfortable writing, I am still available to you by phone.   That number is (540) 777-0898. Thank you.

Sincerely,

*Nia Ayanna Vidal*

Nia Ayanna Vidal
Supervisory Assistant Federal Public Defender

## EMERGENCY Letter to Federal Public Defender – January 23, 2025

| ATTN: Heidi Bohn<br>ATTN: Nia Ayanna Vidal<br>Federal Public Defender | 210 First Street SW<br>Suite 400<br>Roanoke, VA 24011<br>Phone: 540-777-0880<br>Fax: 540-777-0890 |
| --- | --- |

Nia Ayanna Vidal,
CC: Heidi Bohn

I was thinking about how important it is to be trying to retrieve those probation records concerning my supervised release while Jason McMurray was my probation officer from any and all U.S. Probation Officer Jason McMurray emails concerning Brian David Hill as well as any and all paper records and digital/electronic records.

This is critical to proving that the U.S. Attorney had lied in their motion for changing my supervised release. Document #23. See United States v. Hill, 4:20-cr-00027, (W.D. Va. Dec 06, 2024) ECF No. 23. I have something to file prepared if things do not go good on February 18, 2015 at the kangaroo court hearing.

I am prepared to file a motion once the final decision is made, a motion to address the lies of the U.S. Attorney and ask for less worse conditions or terminating my supervised release once and for all. If I file anything pro se now while I have counsel appointed, it will just be denied, ignored, or refused. The general public will know the U.S. Attorney is lying about me when I submit hard evidence but the judge will not take any of it into consideration at all. So I have to wait until counsel is finished before I file the motion.

The records though when Jason McMurray was my probation officer may end up doing a lot of damage to the lies of the U.S. Attorney. My probation file, the file on me.

If Jason had any issue involving evidence my mother had emailed him proving that I was not medically cleared at the time of my indecent exposure charge in 2018 which caused my supervised release to not end on November, 2024. Jason was emailed proof in 2019 and the name of the chimney expert showing that carbon monoxide was present at my residence at the time and before the time I was accused of indecent exposure. Then in 2022 or 2023, Jason was emailed about me not being medically cleared and emailed proof in 2023 that body-camera footage was illegally deleted from the law enforcement server/servers when there were three signed court orders asking for

Page 1 of 5 - Letter to Federal Public Defender dated Jan 23, 2025.

ATTACHMENT PAGES 8 OF 14

the very body-camera footage deleted by Martinsville Police Department because the Commonwealth Attorney never marked the footage as evidence despite charging me with indecent exposure and telling the U.S. Probation Office that I was purposefully out there in the nude at night but then negating to tell the U.S. Probation Office about the very body-camera footage subject to three court orders where they signed their name as prosecutor onto the court orders they had agreed to. Then the prosecutor did not even follow the very court orders they had agreed to follow. Jason McMurray was concerned in 2018 about my apartment before the incident, carbon monoxide caused issues.  Jason McMurray had this proof, he had the evidence, and he can easily verify and authenticate whatever my mother had emailed USPO McMurray years before he died.

It is clear that I am not in violation in 2018 when the amount of evidence emailed to USPO McMurray and was filed with the Middle District of North Carolina, and filed in my pro se evidence filing. That evidence would show that I was not medically cleared which is a element of the offense. See United States v. Hill, 4:20-cr-00027, (W.D. Va. Dec 23, 2024) ECF No. 29: PRO SE Additional Evidence (Attachments: # 1 Note, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Envelope)(ck) *filing includes several CD's which are available for viewing in Clerk's office in Roanoke* (Entered: 01/07/2025).

I was not medically cleared as previously assumed. I have copies of emergency room visit medical records in 2017 and they did lab work and other stuff. On the day I was arrested for indecent exposure they neglected to find out why I had tachycardia multiple times, meaning resting blood pulse over 100. They ordered lab tests, they drawn my blood. I know they did and lab tests were ordered proving that they did obtain samples to even be able to order the lab tests then they were deleted from the chart. They never tested my blood sugar. I was not medically cleared in September 21, 2018. Then a month after my arrest, a psychiatrist diagnosed me with "PSYCHOSIS" which I have no mental health history of ever having a psychosis. Psychosis can be caused by intoxication of carbon monoxide and can also be caused by drugs or any other intoxication.

The U.S. Attorney tells a bunch of lies when they want my supervised release conditions to be changed. They claim I am addicted to child porn but yet if you ask my past mental health counselors from November 2014, to 2023/2022 or when Hank Daniels did not think I had needed mental health counseling anymore. USPO McMurray stopped further counseling thereafter. Ask them if I ever told any of them about having an addiction to child porn, they will all tell you that I never said any such thing. The U.S. Attorney is making baseless claims to try to worsen my supervised release conditions. That is not acceptable. They have violated ethics, State Bar rules with their BullShit, they have made false statements to Judge Cullen and expect this kangaroo

Page 2 of 5 - Letter to Federal Public Defender dated Jan 23, 2025.

hearing to justify worsening my conditions.

There is no guarantee whether Donald Trump will pardon me or not and Trump is starting to drain the corrupt U.S. Government agencies. Now is the time for me to legally fight back as hard as I can against the liars of the U.S. Probation Office and corrupt U.S. Department of Homeland InSecurity and corrupt U.S. Department of InJustice because once the swamp is drained they cannot retaliate against me unless they wish to murder me and act as regular citizen vigilantes to protect their lies and fraud.

I want to see the records of myself concerning my supervised release while Jason McMurray had supervised me. He was worried about me in 2018. Carbon Monoxide.

I am trying to see if I can work with you here as FOIA may not work with Federal Probation records. I need to have those records reviewed, my probation records to see what Jason McMurray thought of the evidence my mom emailed him involving my 2018 supervised release violation allegation and indecent exposure allegation. If Jason did think I was intoxicated or the investigation of my alleged violation was not done properly, then that needs to be reviewed as to the U.S. Attorney lies about me.

I may have to file a lawsuit before the hearing on February 18, 2025, and am willing to get to work on the pro se lawsuit and sue Haylea Workman, sue the Chief Probation Officer, and sue the U.S. Attorney Office in Roanoke for lying about me. I may have to file a lawsuit now or soon to prevent the judge from going along with the lies of Haylea Workman. **I am heading for a kangaroo court hearing. I just know it.**

Jason McMurray treated me as a "LOW RISK OFFENDER" and I had proven it with his handling of my supervision. He allowed me to go out of district at any day trip as long as I called him for approval, easy!!!, and he never asked what time I would leave or come back. He then surprisingly said I can go see my dying or hospitalized granddad at any time in North Carolina without even having to ask for permission. There were no incidents with any request to travel and the only incident under Haylea Workman was the police officer pulling my grandpa over on the same road reported to Haylea Workman. The light turned from green to red and was never on yellow. Haylea likely put her up to it hoping my grandpa had a criminal record, but the police officer was embarrassed when she couldn't find anything to have me violated of my supervised release on. That little trap set up by USPO Workman at Emerald Isle, NC.

USPO Haylea Workman seems to be pushing me to be considered as a "HIGH RISK OFFENDER". Haylea will use whatever she can to achieve her aims. Even lie.

The eight years I was supervised under USPO McMurray and had been honest

Page 3 of 5 - Letter to Federal Public Defender dated Jan 23, 2025.

with him and my mom emailing evidence to him explaining about what happened in 2018, and why I was charged with indecent exposure, things he did not know because he was deceived by the City of Martinsville; as later discovered by Chief Police officer Rob Fincher. Jason McMurray was deceived as he did not ever get to see the body-camera footage. I was not destroying evidence trying to deceive my probation officer, but the **corrupt prosecutor was destroying evidence** trying to deceive my probation officer.

The Probation Office has been deceived by the City of Martinsville and the local hospital, and I proved it. My medical records said lab tests were ordered then were deleted from the chart while the police officer for my indecent exposure arrest at the federal hearing said: "they did lab work and other stuff" as supported by transcript. No they did not do lab work and other stuff before discharging me to the police/jail.

Did I submit/file evidence proving that the police and/or prosecutor deceived the U.S. Probation Office??? YES I DID. The letter from the City of Martinsville and the lab tests ordered then were deleted. They never tested why I had tachycardia. Said I was mentally cleared but then a month later I tell the psychiatrist about the reason for indecent exposure allegation and I was diagnosed with "PSYCHOSIS" which I have no history of this illness prior to that diagnosis. Public Defender Asst. Scott Albrecht had a duty to bring that diagnosis to my insanity evaluation but I later reviewed over that evaluation in the General District Court and it never mentioned about the "psychosis" and was never known to have the evaluation by Dr. Conrad Daum of Piedmont Community Services. The mental evaluation was a fraud too by omission. There are so many issues in my criminal case. Fraud, misunderstandings, lies, and omissions.

It is clear as day I need to see what my probation file has to say about my supervision under USPO McMurray. I want those records and I want to review those records with my family. **I am willing to travel down to Roanoke to your Public Defender Office to help assist you in reviewing over the Probation File records.**
Please obtain those records of my supervised release under the eight years of USPO McMurray as they prove my compliance and may prove even more.

There is one more thing. The U.S. Attorney claims I am at high risk of recidivism. It's funny how they claim this even though I have not been a suspect of a child porn investigation since the original case in 2012 at Mayodan, NC. I have not been charged with child porn since the original case in 2012 at Mayodan, NC. In 2015, I called USPO Kristy Burton over receiving questionable material in MMS text messages when I didn't have to (could have plead the fifth), but I did report this of my own free will. I gave her the cell phone, and it was legally destroyed by the order of the former Chief Federal Judge. See United States v. Hill, 4:20-cr-00027, (W.D. Va. Apr 15, 2021) ECF No. 9,

Page 4 of 5 - Letter to Federal Public Defender dated Jan 23, 2025.

Order of Destruction. See here, the very phone I voluntarily handed over to USPO.

So it is clear as day that the very cell phone I voluntarily turned over to Kristy Burton and reported receiving threatening messages along with possibly illegal files. I was not charged because I had an affirmative defense by reporting promptly and in good faith to a federal probation officer who is a federal law enforcement officer. See United States v. HILL, 1:13-cr-00435, (M.D.N.C. Aug 21, 2015) ECF No. 123, TRANSCRIPT of Proceedings as to BRIAN DAVID HILL SRV hearing for dates of 6/30/2015 before Judge Thomas D. Schroeder, Court Reporter Briana L. Nesbit, Telephone number 336-734-2514. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Redaction Request due 9/14/2015. Redacted Transcript Deadline set for 9/24/2015. Release of Transcript Restriction set for 11/23/2015. (Nesbit, Brianna) (Entered: 08/21/2015).

It is clear that I have not been charged with child porn since the initial federal charge, I have not ever raped anybody. I have never molested anybody, I am a virgin. I have never solicited anybody for sex. I have never shoplifted. I have never been charged with assault. I've not been charged with any violent crime. The incident in 2018 was not repeated and years go by while I was still supervised by USPO Jason McMurray. I am not a high risk offender. I have never been charged with a violent crime. Even under their assumptions of my conviction, I have never been considered to have repeated the offense of possession of child porn because I feel and believe I am innocent of the first initial charge. It was the only charge I ever had concerning accusations of child porn. I am NOT a high recidivist risk. Jason McMurray knew that. Please obtain the probation records concerning my supervision under USPO McMurray. Thank You.

Please obtain the records, so I won't have to file lawsuits to obtain the records.

*Brian D. Hill*
Signed
**Brian D. Hill**
Brian David Hill
310 Forest Street,
Apartment 2
Martinsville, VA 24112
(276) 790-3505

Page 5 of 5 - Letter to Federal Public Defender dated Jan 23, 2025.

## EMERGENCY Letter to Federal Public Defender – January 13, 2025

| ATTN: Heidi Bohn | 210 First Street SW |
|---|---|
| ATTN: Nia Ayanna Vidal | Suite 400 |
| Federal Public Defender | Roanoke, VA 24011 |
| | Phone: 540-777-0880 |
| | Fax: 540-777-0890 |

Nia Ayanna Vidal,
CC: Heidi Bohn

I figured out what can be done next to disprove the lies of the U.S. Attorney in Haylea Workman's push for changes of conditions of my supervised release.

I was upset on the day you told me over the phone that USPO Jason McMurray had died, and I had found out he had died on October 27, 2024. The day after, USPO Workman files the petition for modification of supervised release under penalty of perjury, declared on October 28, 2024. Interesting timing when I no longer have the witness of Jason McMurray to testify favorable to me at the modification hearing.

I have an emergency request to you. Request records of Jason McMurray.

Please subpoena the U.S. Probation Office for all records of Jason McMurray when he had supervised me. Jason McMurray had supervised me between I think around June or July, 2015, until Haylea took over in November, 2023.

The records are critical since Jason McMurray would have put something in the record regarding me being allowed to use XBOX, Nintendo Switch, PlayStation 4, any of that. Jason allowing me to watch streaming TV media. I hope he did. I hope he put anything of that in a note somewhere or anywhere in my probation file. I would believe he was supposed to if following proper potocol.

It is critical that you or the investigator contact the U.S. Probation Office and request all records concerning my supervised release between the day that Jason McMurray was assigned to be my probation officer in 2015 until the day that Haylea Workman was assigned in November, 2023.

Those records will be better proof than my mom or me testifying in front of Judge Cullen.

Page 1 of 2 - Letter to Federal Public Defender dated Jan 13, 2025.

Also I am filing my appeal brief timely in my 2255 case regarding my supervised release violation case. If it succeeds then my supervised release will be considered over-served and will be terminated immediately if my 2255 case succeeds upon appeal.

I also faxed the Chief Probation Officer asking for a new probation officer. I am sure my mom can email you a copy of that. I called the Probation Office after I had faxed that and they admitted to receiving the fax and got the fax to the Chief Probation Officer about me asking for a new Probation Officer. That conversation was recorded.

Please make sure that you can at least try to obtain the records from the United States Probation Office for the duration of 2015 to 2023, concerning my probation.

Since the United States Attorney is lying about me and omitted the existence of Jason McMurray, omitting that he allowed me to play video games and watch TV, there should be a written/typed record of this somewhere in my probation file. This should include all electronic and paper records. Please obtain my probation file records for when Jason McMurray was my probation officer.

Please request the email records of Jason McMurray concerning my supervised release from 2015 to 2023, concerning my probation.

Thank You.

*Brian D. Hill*
Signed
**Brian D. Hill**

Brian David Hill
310 Forest Street,
Apartment 2
Martinsville, VA 24112
(276) 790-3505

Page 2 of 2 - Letter to Federal Public Defender dated Jan 13, 2025.

ATTACHMENT PAGES 14 OF 14