IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
February 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
        DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 4:20-cr-00027 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRIAN DAVID HILL, ) | By:  Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

This matter is before the court on Defendant Brian David Hill's *pro se* motion to substitute attorney. (ECF No. 31.) In his motion, Hill asserts that, because his attorney has "firsthand knowledge" related to a civil suit he recently filed against the Assistant United States Attorney ("AUSA") and United States Probation Officer ("USPO") assigned to this case, she cannot represent him. He also espouses unsupported and, frankly, outlandish theories regarding government agents, systemic "fraud" perpetrated by parties before the court, and retaliation against him for "exposing" that fraud which, in his mind, so infests these proceedings as to render them an assault on his constitutional rights. As is his pattern, Hill accuses all parties of lying to the court in an effort to impede his efforts at exposing the "truth." Apparently, the only truth that Hill will accept is one that absolves him of all wrongdoing for his actions.[1]

---

[1] Hill's perceived persecution is longstanding. After pleading guilty to possession of child pornography, Hill has been engaged in a years-long quest to prove that the government planted the images on his computer. *See, e.g.*, *Hill v. Exec. Off. for the U.S. Att'ys, et al.*, No. 4:20cv00027, 2018 WL 736295, at *1 (W.D. Va. Feb. 2, 2018). When he was arrested for indecent exposure while on supervised release, he claimed that a hooded man forced him to strip naked and walk around; Hill said he complied only because this mysterious figure threatened his mother. *See United States v. Hill*, No. 7:18-mj-00149 (W.D. Va. May 2, 2022) (ECF No. 30) (wherein USPO McMurray testified that Hill "was found walking nude on a walking trail in Martinsville on September the 21st, and [his] letters [to McMurray] state than an individual in a hoodie came after him, made him strip down naked or they would go after his mother"). He also sought to overturn that conviction on claims of actual innocence,

Hill is presently represented by highly experienced counsel from the Office of the Federal Public Defender. As one court has explained the relevant legal standard when considering a motion to substitute counsel filed by an indigent defendant:

> The CJA [Criminal Justice Act] provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). At least one circuit has construed ancillary matters to include those "that are a part of the original action, such as sentencing and resentencing . . . ." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009).
>
> The CJA further provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." *Id.* (18 U.S.C. § 3006A(b) dictates how the court is to select and appoint such counsel.) Altogether, the granting or denial of a motion to withdraw or for substitution of counsel is within a trial court's discretion. *United States v. Corporan–Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994). *See also United States v. Parker*, 469 F.3d 57, 61 (2d Cir. 2006) ("Courts are afforded considerable latitude in their decisions to replace appointed counsel, and may do so where a potential conflict of interest exists . . . and in the interests of justice . . . among other circumstances." (internal citations and quotations omitted)). . . .
>
> Though the Sixth Amendment guarantees a defendant's right to his or her counsel of choice, *Powell v. Alabama*, 287 U.S. 45, 53 (1932), such a right is "circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). First,

---

arguing in part that the "Commonwealth may have illegally destroyed evidence," ineffective assistance of counsel, and prosecutorial misconduct, and blaming all parties, including the judge and clerk's office staff, for his repeated procedural failures in prosecuting his appeal and contending that he was "innocent . . . [d]ue to his psychosis, autism spectrum disorder, and [o]bsessive compulsive disorder." *Hill v. Virginia*, No. 7:22cv00336 (W.D. Va. June 22, 222). Hill also has a history of suing anyone involved in cases against him. *See, e.g.*, *Hill v. Hall, et al.*, No. 4:20cv00017 (W.D. Va. Mar. 27, 2020) (suing the judge, prosecutor, and defense attorneys involved in an action to allegedly garnish his disability payments); *Hill v. Workman, et al.*, 4:25cv00004 (W.D. Va. Feb. 6, 2025) (suing the USPO and AUSA involved in the present motion to modify the terms of Hill's supervised release). And at 4:11 a.m. on February 11, 2025, Hill called the clerk's office for this court to complain that the present motion was not placed on the public docket the afternoon that it was received (it was docketed at 9:38 a.m. on February 11, and was docketed as "filed" on February 10, the day it was received), and stated that he was in contact with Roger Stone "who works for Donald Trump" and that the Department of Justice would be investigating USPO Workman "and others" for their role in trying to modify his supervised release.

> the "defendant's right to choose his or her lawyer is not absolute" as it "must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). This is particularly so for indigent defendants: "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 151 (2006) (citations omitted). *See also United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011).
>
> Second, "[b]ecause the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel." *Mullen*, 32 F.3d at 895. Rather, "as a general rule, a defendant must show good cause in requesting a new lawyer." *Id.* District courts in the Fourth Circuit have found that a conflict of interest or a breakdown in communications between the current attorney and client may constitute good cause. *See Umar v. United States*, 161 F. Supp. 3d 366, 385 (E.D. Va. 2015). Thus, altogether, an indigent defendant has no right to particular attorney; similarly, such a defendant does not have an absolute right to substitution of counsel.
>
> Instead, "once a court has appointed counsel for an indigent defendant, the decision whether to grant a motion to withdraw or substitute counsel lies within the court's discretion." *Umar*, 161 F. Supp. 3d at 383–84. In evaluating whether the trial court has abused its discretion in denying a defendant's motion for substitution, the Fourth Circuit considers (and district courts in the Fourth Circuit have employed) three factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the attorney/client conflict was so great that it had resulted in a total lack of communication preventing an adequate defense. *Mullen*, 32 F.3d at 895. *See also United States v. Taylor*, 2015 WL 12806534, at n. 3 (E.D. Va. June 23, 2015); *United States v. Ashe*, 2013 WL 4052677, at *1 (W.D.N.C. Aug. 12, 2013); *United States v. Taylor*, 2012 WL 139072, at *1–2 (E.D. Va. Jan. 18, 2012).

*United States v. Richardson*, 227 F. Supp. 3d 577, 579–80 (E.D. Va. 2017).

Nothing in Defendant's motion rises to the level to require substitution of counsel. First, the motion comes virtually on the eve of the scheduled hearing on the motion to modify Hill's conditions of supervised release and reeks of dilatory intent. Second, there has been no

showing of a breakdown in communication between Hill and his attorney; in fact, his cited several communications with his attorney in support of his request, evidencing that his counsel is engaged and responsive to Defendant and his family. *Cf. id.* at 581. Moreover, Defendant's perceived conflict of interest is simply non-existent. Whether his counsel may have information that is relevant to a civil action that Hill is pursuing against his probation officer and the AUSA for seeking to modify his conditions of supervised release does not undermine her ability to represent him diligently in the present matter. The only conflict exists entirely within his mind and subject to his unfounded belief of a government conspiracy against him, despite the fact that his attorney is *not* a government actor. Finally, Defendant's filing is thorough and outlines his position in full; the court is satisfied that, based on his representations and pleadings, there is not good cause for the motion.

For these reasons, Defendant's motion to substitute attorney is **DENIED**.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 11th day of February, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE