PROB 12B
(7/93)

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

February 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
DEPUTY CLERK

# United States District Court

## for the

## Western District of Virginia

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender

*(Probation Form 49 Waiver of Hearing is Attached)*

Name of Offender:  Brian David Hill                                      Case Number:  4:20-CR-00027-001

Name of Sentencing Judicial Officer:  The Honorable William L. Osteen, Jr., Chief U.S. District Judge

Date of Original Sentence:  November 10, 2014

Original Offense:  Possession of Child Pornography

Original Sentence:  10 months and 20 days imprisonment, followed by 10 years supervised release

Type of Supervision:  Supervised Release            Date Supervision Commenced:

## PETITIONING THE COURT

[X]     To modify the conditions of supervision as follows:

**The following special conditions were previously imposed and shall be <u>removed</u>:**

1)  The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

2)  The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

3)  If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

4)  The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

5)  The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his own children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not

Name of Offender:  Brian David Hill                                Case Number:  4:20-CR-00027-001

limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

6) The defendant shall not frequent places where children congregate, such as parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

7) The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

8) The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

9) The defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carries on a vocation, or is a student.

10) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on the defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

11) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

12) The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

13) The defendant shall submit to search and seizure of his or her computer, as defined in 19 U.S.C. § 1030(e)(l), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

Name of Offender:  Brian David Hill                                        Case Number:  4:20-CR-00027-001

14) The defendant shall participate in the Computer Monitoring Program adopted by this court and comply with all of the conditions in the program's Participant Agreement. The defendant shall allow monitoring software/hardware to be installed on each computer, electronic communication device, or other Internet-capable device the defendant has access to at the defendant's expense.

**The following special conditions were previously imposed and shall <u>remain in effect</u>:**

1) The defendant shall provide his personal and business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, telephone, or similar account.

2) The defendant shall not contact or communicate directly, or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means including verbal, written, telephonic, electronic or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.

3) The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

4) The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student or were convicted of a qualifying offense.

5) The defendant shall not possess, view or otherwise use any child pornography as defined in 18 U.S.C. § 2256(8).

6) The defendant shall not reside or linger within 100 feet of any park, school, property, playground, arcade, amusement park, day care center, swimming pool, community recreation field, zoo, youth center, carnival, circus, or other places that are primarily used or can reasonably be expected the be used by minors, without permission of the probation officer.

7) The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program. The defendant must maintain use of all prescribed medication.

**The following new special conditions shall be <u>imposed</u>:**

1) The defendant is ordered to participate in cybercrime management and will inform the probation officer of all computer devices possessed or accessible to him/her. This includes (a) desktop or

Name of Offender: Brian David Hill                           Case Number: 4:20-CR-00027-001

    laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. The defendant will not acquire or access any new or additional computer devices unless approved by the probation officer. The defendant will also inform the probation officer of all his/her computer devices, internet service providers (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that the defendant creates or receives additional user accounts.

2) The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers as defined in 18 USC § 1030(e)(1), other electronic communication, network or cloud storage, or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation. This condition does not apply to Roberta Hill's person, property, house, residence, vehicle, papers, computers as defined in 18 USC § 1030(e)(1), other electronic communication, network or cloud storage, or data storage devices or media, or office.

3) The defendant shall allow the probation officer to seize his computers as defined in 18 USC § 1030(e)(1), other electronic communication, network or cloud storage, or data storage devices or media for further examination by the U.S. Probation Office or another agency when reasonable suspicion exists that the defendant has violated a condition of his or her supervision. This condition does not apply to Roberta Hill's computers as defined in 18 USC § 1030(e)(1), other electronic communication, network or cloud storage, or data storage devices or media.

4) The defendant may possess and use a cell phone that cannot access the Internet (e.g. a basic flip phone).

5) The defendant may possess and use his smart television, PlayStation 2 videogame system, PlayStation 4 videogame system, Xbox 360 videogame system, and desktop computer under the following conditions: 1) the defendant only uses the above devices at his residence, 2) the defendant does not obtain Internet service in his residence, 3) the defendant does not connect the above devices to the Internet via the Wi-Fi service in his mother's residence, and 4) the probation officer is allowed to search the above devices, without reasonable suspicion that the defendant has violated a condition of his supervised release, to monitor the defendant's compliance with his conditions of supervision. This condition does not apply to the defendant's desktop computer which he uses to prepare legal documents.

6) The defendant may not possess or use his handheld Nintendo Switch videogame system.

## CAUSE

On September 6, 2024, the undersigned officer advised Mr. Hill that she would like to ask the court to remove some of the previously imposed special conditions and impose some new special

Name of Offender: Brian David Hill                           Case Number: 4:20-CR-00027-001

conditions. The supervisee advised the officer that he was opposed to the imposition of some of the proposed conditions. On October 28, 2024, a Request for Summons and Modification of the Conditions or Term of Supervision was submitted to the court in this case. On November 15, 2024, the court ordered that a hearing be scheduled, and a summons be issued.

The undersigned officer recently spoke to the attorneys assigned to this case to determine if the parties were interested in attempting to modify the defendant's conditions of supervised release prior to a hearing that is scheduled for February 18, 2025. After speaking to the attorneys, and further reviewing Mr. Hill's case, the officer proposed that the 14 special conditions listed on pages 1 through 3 of this petition be removed, the 7 special conditions listed on pages 3 and 4 of this petition remain in effect, and the 6 special conditions listed on pages 4 and 5 of this petition be imposed. The defendant agreed to the modification and signed the attached Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision form.

Respectfully submitted,

by _Haylea Workman_
Haylea N. Workman
U.S. Probation Officer
Date: February 18, 2025

---

THE COURT ORDERS:

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[X]   The Modifications of Conditions as Noted Above
[ ]   Other

_H. Cullen_
Signature of Judicial Officer

2/18/2025
Date