CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/ K. SAVILLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | **Case No.: 4:20CR00027** |
| **v.** | ) | |
| | ) | |
| **BRIAN DAVID HILL,** | ) | **By: Hon. C. Kailani Memmer** |
| | ) | **United States Magistrate Judge** |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the court on Defendant Brian David Hill's *pro se* motion to appoint counsel. (ECF No. 51.) In his motion, Hill requests Nia Vidal, Supervisory Assistant Federal Public Defender, be appointed "to represent [him] in the Supervised Release Violation proceedings as [he] may be facing an unfair rigged bench trial in the General District Court in the City of Martinsville due to ineffective counsel[.]" (*Id.* at 1.)

Although Hill requests counsel be appointed on the petition alleging violations of his federal supervised release conditions filed in this court, the crux of Hill's motion is that he seeks the appointment of counsel to assist with his defense on his state charges pending in the City of Martinsville, Virginia. Such request is not proper. If Hill is unsatisfied with his counsel in his state proceedings, then he may seek relief in state court. But seeking counsel be appointed in this matter to assist in defending him on his state charges is not appropriate.

Taking the purpose for which Hill seeks appointed counsel out of the equation, Hill would still not be entitled to counsel at this time. Hill is currently in state custody on state charges (which are the subject of the allegations in the petition seeking revocation of his supervised release). Once Hill is no longer in state custody, he will fall into federal custody to have his initial appearance on the supervised release violation petition. *See* Fed. R.

Crim. P. 32(a)(1) ("A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge."). At that time, Hill will be advised of his right to have counsel appointed to represent him if he is financially eligible. *See id.* (a)(3)(B) (noting requirement that defendant must be advised of his "right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel"). But appointing counsel at this early stage is not warranted. *See United States v. Williams*, No. 2:89-cr-00021-DAD, 2023 WL 5336794, at *1-2 (E.D. Cal. Aug. 18, 2023) (denying motion to appoint counsel to represent defendant who was in state custody and had yet to have initial appearance on underlying petition alleging violations of supervised release conditions).

As such, Hill's motion to appoint counsel is **DENIED without prejudice**. Hill will be advised of his right to have counsel appointed once he is in federal custody and has his initial appearance on the underlying supervised release violation petition pursuant to Fed. R. Crim. P. 32.1.

ENTERED: April 14, 2026

C. Kailani Memmer
United States Magistrate Judge